## CHRISTIAN HERKELRATH *et al.*

### *v.*

## JAMES M. STOOKEY.

1. CHATTEL MORTGAGE—*whether in fraud of creditors.* In a contest between the mortgagees in a chattel mortgage and a creditor of the mortgagor, turning upon the validity of the mortgage, the court instructed the jury that if the mortgage was made to hinder and delay creditors, it was void, even though the mortgagees had just claims against the mortgagor: *Held,* that the instruction was erroneous. To avoid such mortgage both the mortgagor and mortgagee must participate in the fraudulent intent.

2. SAME—*instruction as to circumstances of fraud—inference of law from facts.* Where a chattel mortgage was attacked for fraud by a creditor of the mortgagor, the court instructed the jury that " if the mortgage was made by a father to two of his sons, in the night time, under suspicious circumstances, and at the same time the father transferred to said sons all his land and personal property, and the property in the chattel mortgage was subject to be consumed or destroyed in its use by the mortgagor, these are circumstances from which the jury may infer that the transaction was a fraudulent one: " *Held,* that the instruction was erroneous, *first,* because the mortgage was given to several other persons besides the two sons, and, *secondly,* because the circumstances named, while suspicious, and proper evidence on the question of fraud, do not raise a legal inference of fraud. They should be considered by the jury with all the evidence, and the jury left free to draw their own inference as one purely of fact.

3. INSTRUCTION—*as to inference of facts.* Where the circumstances proved are of such a character that the law itself raises a presumption, the court may properly instruct the jury to draw such inference; but where one party proves certain facts which the other attempts to explain or overcome by the proof of other facts, the jury should be left to draw their own inferences, without any intimation from the court as to what it would be proper to infer from the evidence of either side.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This case was in this court at the January term, 1871, and is reported 58 Ill. 21.

Messrs. KŒRNER & DILL, for the plaintiffs in error.

Mr. WM. H. UNDERWOOD, and Messrs. KASE & WILDERMAN, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a contest between the mortgagees in a chattel mortgage and a creditor of the mortgagor, and turned on the validity of the mortgage. The court instructed the jury, if the mortgage was made to hinder, delay and defraud creditors, it was void, even though the mortgagees had just claims against the mortgagor. If this instruction had been so framed as to require both the mortgagor and mortgagees to have participated in the fraudulent intent in order to avoid the mortgage, it would have been unobjectionable. The jury, however, would probably understand such an instruction as referring only to the intent of the mortgagor. A fraudulent intent on his part alone would not vitiate the instrument. *Hessing* v. *McCloskey*, 37 Ill. 351; *Ewing.*v. *Runkle*, 20 ib. 448.

None of the instructions for the defendant in error are sufciently explicit in this respect. The second is objectionable

for another reason.   In that instruction the jury are told, " if the mortgage was made by a father to two of his sons, in the night time, under suspicious circumstances, and at the same time the father transferred to said sons all his land and personal property, and the property in the chattel mortgage was subject to be consumed or destroyed in its use by the mortgagor, these are circumstances from which the jury may infer that the transaction was a fraudulent one."

The first objection to this instruction is, that the mortgage was not made to the sons alone, but to them and to several other persons.   Another and fatal objection is, that while the circumstances named in the instruction may be suspicious, they do not raise a legal presumption of fraud.   They are to be considered in connection with all the other evidence, and it is for the jury to determine, from the entire evidence, what inference is to be drawn, without being instructed by the court as to what weight they are to attach to any particular portion of it.   When the court says that a certain inference may be drawn from certain facts, if proven, most juries would understand the instruction as meaning that it was their duty to draw such inference.   The instruction would, at least, indicate that the court thought it highly proper the inference should be drawn.   There are cases in which such an instruction would not be improper, but under our system of practice in this State, the court should not so instruct, except in cases where the alleged circumstances are of such a character that the law itself raises the presumption.   Where one party proves certain facts which the other attempts to explain or overcome by the proof of certain other facts, the jury should be left to draw their own inferences, without any intimation from the court as to what it would be proper to infer from the evidence of either side.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*