Webber v. Mackey, Nisbet & Co.

---

# Herman G. Webber, U. S. Marshal, for use, etc.

## v.

# Mackey, Nisbet & Co. et al.

*Replevin—Bond—Debt—Fraudulent Conveyance—Personal Property—Chattel Mortgage—Former Adjudication—Certificate of Magistracy—Acknowledgment—Recording—Damages— Whether Excessive—Pleading—Evidence—Review of—Instructions—Practice.*

1. Where it is shown in an action on a replevin bond that the merits of the case were not determined on the trial of the action in which the bond was given, a recovery of more than nominal damages can not be had.

2. The intent of a mortgagor to defraud, does not, in the absence of fraud on the part of the mortgagee, affect the latter's title or invalidate the mortgage.

3. A matter which has been adjudicated by a court of competent jurisdiction, shall be deemed finally settled in any subsequent litigation between the same parties where the same question or questions arise.

4. No complaint can be made of the admission in evidence of a chattel mortgage, having no certificate of magistracy attached, the same having been acknowledged before a justice in another county, when possession of the mortgaged property was immediately taken by the mortgagees upon the execution, acknowledgment and delivery thereof, nor is it necessary in such case to acknowledge and record the same.

5. In an action of debt upon a replevin bond, given by mortgagees of goods attached by creditors of the mortgagor, it being alleged that the mortgages in question were given in fraud of creditors, this court holds that said mortgagees, in taking the notes and chattel mortgages, acted with honest purpose to secure and provide for the payment of debts then due them, without the intent to hinder or delay other creditors of said mortgagor, and that the value of the mortgaged property was not greater than the mortgagees might rightfully take to secure payment of the amount due them, nor so in excess of the amount thereof as to justify suspicion of fraudulent intent.

6. In the case presented, this court holds that the demurrer to plaintiff's second amended replication was properly sustained, the latter not averring the necessary requisites to amount to a sufficient defense of estoppel by former adjudication.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Saline County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

This suit was on a replevin bond executed by appellees to Tanner, U. S. Marshal, who was succeeded in office by appellant. A plea of *non est factum* was interposed and issue joined thereon; also a plea, except as to nominal damages, averring the property in controversy in the replevin suit was, at the time of the trial thereof, the property of the plaintiffs therein, and the merits of the case were not heard and were not determined in said case; the plea by apt averments sets forth and shows specifically why the merits were not there determined, and that said replevin suit was dismissed in the Federal Court for want of jurisdiction. To this plea was a replication denying the property of said goods and chattels was in plaintiffs, but averring it was in Jones, the

Webber v. Mackey, Nisbet & Co.

said usee, as sheriff, by virtue of nine attachment writs sued out of the Circuit Court of Franklin County, Illinois, directed to him as sheriff and by him levied on the said goods and chattels. Issue was joined on this replication; plaintiff filed a second replication to said second plea, which replication was demurred to and amended, then as amended was again demurred to and again amended, and a demurrer to it then as amended was sustained and plaintiff excepted. The trial was had on the issue joined and resulted in a verdict for plaintiff below for $8,000 debt and $260 damages, whereupon plaintiff entered his motion for a new trial, which the court overruled and rendered judgment for plaintiff in the sum of $8,000 debt, to be discharged upon the payment of the damages and costs of suit, and plaintiff appealed. The errors assigned, relied on to reverse this judgment, are the rulings of the court in sustaining the demurrer to said second amended replication, in admitting the chattel mortgages in evidence, in refusing certain instructions requested on behalf of the plaintiff, giving certain instructions for defendants, and overruling the motion for a new trial.

Messrs. F. M. Youngblood, W. J. N. Moyers, W. S. Cantrell and J. S. Smith, for appellants.

It is not necessary now under our statute that a conveyance to justify an attachment must be made with a "fraudulent" intent, but is sufficient if the evidence shows that the conveyance was made with intent to disturb, hinder, delay or defraud creditors.

Sec. 4 of Chap. 59, Starr & C. Ill. Stats., provides:

"Every gift, grant, conveyance, assignment, transfer or change upon any estate, real or personal, or right, or thing in action, or any rent or profit thereof, made with intent to disturb, delay, hinder or defraud creditors or other persons, shall be void as against such creditors, purchasers or other persons."

It will be seen that this section makes all conveyances falling within its provisions absolutely void.

Clause 6, Sec. 1, of Chap. 11, Starr & C. Ill. Stats., provides:

"Where the creditor has, within two years preceding the filing of the affidavit required, fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder or delay his creditors."

This clause is made a ground for suing out an attachment and is the statutory provision under which this suit was begun. These two statutes must necessarily be construed together. The first referred to declares that all dispositions of personal or real property, made with intent to disturb, delay, hinder or defraud creditors shall be void. The latter clause referred to declares a right of action by attachment in favor of any creditor who may be defrauded by any such conveyance, or who may be disturbed, delayed or hindered in the collection of his debt thereby.

Apply the proofs in this case to these two statutory provisions, and if we do not find that this conveyance falls within the definition of a fraudulent transfer, then I admit that I am unable to conceive of a state of facts which would authorize a creditor to resort to this statutory remedy.

Again, these mortgages were fraudulent for the reason they convey, as the evidence shows, at least $12,000 worth of goods to secure a little over $4,000.

In support of this proposition we respectfully refer to the case of Strohen v. Hayes, 70 Ill. 41. In that case the Supreme Court held a chattel mortgage void which conveyed $2,000 worth of property to secure a debt of $400.

Again, we insist that the conditions attached to these mortgages stamp them as absolutely fraudulent. Empowering the mortgagees to dispose of the entire stock of goods, which was worth, to say the least, three times the amount of their debt, in any way that they might see fit, is a provision incompatible with honesty and fair dealing. The attachment law of Illinois should be liberally construed, so as to protect the rights of creditors; so say the Supreme Court in Hannibal and St. Jo. Railroad v. Craine, 102 Ill. 249; see, also, Phelps v. Foster, 18 Ill. 309.

As to the weight to be given to the testimony of Crawford, Hubbs and Stephenson, as to the intent with which the mort-

gages were made and accepted, we beg leave to refer to the case of Bell v. Devore et al., 96 Ill. 217. In that case the Supreme Court says, that if all the circumstances show the object of the parties to have been to hinder and delay the creditors, then their sworn statement that the deed was made in good faith, amounts to but little.

We also beg leave to refer to the case of Shove v. Farwell et al., 9 Ill. App. 257, and Hansen v. Dennison, 7 Ill. App. 73.

Messrs. PARISH & PARISH and MORRIS & SON, for appellees.

A purchaser of goods taken in payment of an honest debt is protected in his title though he knew his vendor intended to defraud creditors. Gray v. St. Johns, 35 Ill. 222; Kranert v. Simon et al., 65 Ill. 344; Read et al. v. Wilson, 22 Ill. 377.

An insolvent debtor has the right to prefer one creditor to another by making him a sale of all his stock of goods in payment of the debt, or in part payment. Goembel et al. v. Arnett et al., 100 Ill. 35.

" A mortgagee is entitled to property of value fully sufficient to cover his demand under any and all circumstances that may be expected, or reasonably apprehended." Bump on Fraudulent Conveyances, 3d Ed., page 46; Truitt v. Griffin, 61 Ill. 26.

The mortgages providing for immediate possession by mortgagees, and actual possession following at once, there was no necessity for either acknowledging or recording them. This is settled by the first section of the chapter on mortgages and so many decisions of the courts of this State, that the question is not debatable, and for a like reason no certificate of magistracy was necessary. Wilson v. Pearson, 20 Ill. 81; Chipron v. Feikert, 68 Ill. 284.

GREEN, P. J. The amended replication to which the final demurrer was sustained, in substance sets up that the property claimed by defendants was levied upon by said Jones by virtue of nine attachment writs in favor of creditors of Thomas J. Crawford, the affidavits for which writs charged that he had, within two years prior to the filing thereof, fraud-

ulently conveyed said property so as to hinder and delay his creditors; that the conveyances were two chattel mortgages from him to Mackey, Nisbet & Co., and Hinkle, Nisbet & Co., conveying to them the property replevied, and this was the only title said Jones had to said property, and that Crawford and said firms made and entered into said mortgages for the purpose of hindering and delaying the other creditors of Crawford; that Jones by virtue of said writs seized and took the property from the possession of said firms and retained such possession until after the execution of the replevin bond, when said property was replevied by Tanner, United States Marshal, and delivered to said firms by virtue of the writ of replevin in the declaration mentioned; that afterward, at the April term, 1885, of the Franklin Circuit Court, the attachment suit was heard and determined, and said firms appeared by counsel, and in the name of said Crawford litigated their right to said property as such mortgagees, and the question litigated and defense made was as to the validity of the mortgages and the rights of the mortgagees thereunder; and that the title of said mortgagees to said property was by said court fully adjudicated and determined *in their favor;* that said attaching creditors appealed from said judgment to the Appellate Court for the fourth district, in which court said firms again appeared by counsel and litigated their claim to said property as mortgagees; that at the August term, 1885, of the Appellate Court, said judgment was reversed and cause remanded; that said attachment cases were placed on the docket of said Circuit Court for trial in pursuance of the remanding order, and at the April term, 1886, said firms again appeared by counsel and filed their motion in writing to *be made defendants and for leave to interplead under the statute,* which motion was allowed, and said firms *thereby* became defendants, and leave was given them to file their respective interpleaders, but therein they made default, whereupon final judgments were rendered by said court awarding special executions in each of said attachment suits for the sale of said property, and that afterward such proceedings were had in said Circuit Court as resulted in the court holding said mort-

gages void as against the attachment creditors of Crawford. The replication then concludes: " Wherefore, plaintiff avers, the merits of the title of the said Mackey, Nisbet & Co. and Hinkle, Nisbet & Co. to the goods and chattels in said declaration and plea mentioned, have been fully adjudicated by the said Circuit Court of Franklin County since the making of the writing obligatory in plaintiff's declaration mentioned; all of wh'ch plaintiff is now ready to verify," etc.

The right to file the plea to which this amended replication was interposed is given by statute, when the merits of the case have not been determined in the trial of the action in which the bond was given, and if, supported by the evidence, such defense is sufficient to defeat a recovery of more than nominal damages in a suit on a replevin bond. By the second amended replication plaintiff attempted to set up a former adjudication against the mortgagees' title to the replevied property, that would estop them thereafter to assert such title, and again litigate that question in any subsequent controversy wherein it arose; but in our judgment the replication as amended was fata'ly defective, and the demurrer to it was properly sustained. All that part of said replication up to and including the averment that said attachment cases were re-docketed in the Franklin Circuit Court, discloses no other adjudication in the Circuit Court than that determining the title to the mortgaged property to be in mortgagees; and the remaining averments, that said firms *again* appeared by counsel and file'l their written motion to be made defendants, and for leave to interplead, and they *thereby* became defendants, and leave was given them to file interpleaders, but therein they made default, are, in legal effect, admissions that said firms, after the re-docketing of said cases, had ceased to appear by counsel, and in the name of Crawford litigate their right to said property as mortgagees, did not become defendants, and did not avail themselves of the permission given to file interpleaders; hence the controversy was then left between the plaintiffs in attachment and Crawford, and *his intent* in conveying the property, and not the intent of said firms in taking and accepting said notes and mortgages, became the

issue. Unless the mortgagees did become defendants and file interpleaders, no issue as to their title could be determined; nor was their title necessarily involved in the question whether or not Crawford had been guilty, as charged in the affidavit, of the act of fraudulently conveying said property within two years, so as to hinder and delay his creditors. His fraudulent intent, unless participated in by the mortgagees, did not affect their title or invalidate the mortgage. Herkelrath et al. v. Stookey, 63 Ill. 486; citing and approving Hessing v. McCloskey, 37 Ill. 351; Ewing v. Runkle, 20 Ill. 448. The averment that the merits of the title of said firms to the property attached have been fully adjudicated by said Circuit Court, is a mere conclusion of the pleader, negatived by the averments which precede it in said replication. As we construe this amended replication, it does not aver that in the final litigation of the attachment cases, the mortgagees appeared by counsel and in the name of Crawford litigated their rights to said property, or appeared and became defendants, or that their title to said property was in issue, or was finally adjudicated and determined against them. Hence the cases of Cole v. Favorite, 69 Ill. 457, and Bennitt et al. v. The Wilmington Star Mining Co., 119 Ill. 9, cited on behalf of appellant, can have no application and are not in point; but this case, so far as the amended replication and its sufficiency is concerned, comes within the operation of the rule announced in numerous decisions, that the fundamental principle upon which the former adjudication of a question is allowed as an estoppel, is that justice and public policy alike demand that a matter consisting of one or many questions, which *has been adjudicated* by a court of competent jurisdiction, shall be deemed finally settled in any subsequent litigation *between the same parties, where the same question or questions arise;* these requisites to a sufficient defense of estoppel by former adjudication, are not averred in said amended replication, as we have already stated, and it was obnoxious to the demurrer. Hanna y. Read et al., 102 Ill. 596 ; The Riverside Co. v. Townsend et al., 120 Ill. 18.

The objection to the admission of said chattel mortgages in evidence, as stated in appellant's brief, is, that they were acknowledged before a justice of the peace in Franklin county and were offered in evidence in Saline county, and had no certificate of magistracy attached. It appears, however, possession of the mortgaged property was taken immediately by the mortgagees at the time the mortgages were executed, acknowledged and delivered to them. It was not, therefore, necessary to acknowledge and record the instruments, or attach such certificate to make them competent evidence. Wilson v. Pearson, 20 Ill. 81; Chipron v. Feikert, 68 Ill. 284.

Plaintiff's instructions, 9th, 10th, 11th, 12th and 13th, were properly refused. The 9th states that said chattel mortgages could not be considered by the jury as evidence without a certificate of magistracy being attached. The 10th asserts the law to be that all chattel mortgages before they can affect the rights of third parties must be acknowledged before a justice of the peace in the precinct where the mortgagor lives and be entered in his docket, or if there is no justice residing in the precinct, then such mortgages must be acknowledged before the county judge of the county.

Under the facts these instructions are improper. The mortgagees took immediate possession of the property as before stated, and it was not essential to the validity of the mortgages that they should have been so acknowledged. The 11th instruction is to the effect that " if the jury believed the chattel mortgages were made to hinder and delay the other creditors of the mortgagor, and such fact was known by the mortgagees, then they must find for the plaintiff." As a proposition of law we think the instruction incorrect, aside from the objection that it does not require the jury to base their belief on the evidence.

"The 12th states the law to be, that a failing debtor can not now prefer one creditor in preference to another by chattel mortgages, by turning over to one of his creditors his entire property under a chattel mortgage, when his entire property, so mortgaged, is greatly in excess of the debt secured by such mortgage." We do not so understand the law to be.

The 13th instruction is subject to the same objection as the 10th.

The instructions given on behalf of defendants, taken in connection with those given for the plaintiff, are not subject to serious objection. The suggestion on behalf of appellant, that the jury should have assessed, either the amount due on the attachment writs as the measure of damages, or nominal damages only, may be conceded, and we think, under the evidence, $260 damages were excessive, but the defendants alone have the right to complain of the verdict and judgment for that reason. The only other error assigned we deem it necessary to refer to, is the overruling plaintiff's motion for a new trial; and, after what has been said by us, only one question upon that point remains undisposed of. Was the verdict of the jury justified by the evidence? After a careful examination of the evidence in the record we have reached the conclusion, which the jury evidently arrived at, that the mortgagees, in taking the notes and chattel mortgages from Crawford, acted with an honest purpose to secure and provide for the payment of debts then due them, and without intent to hinder or delay the other creditors of Crawford, and that the amount in value of the mortgaged property was not greater than the mortgagees might rightfully take to secure the payment of the debts due them, nor so greatly in excess of the amount of such debts as to justify suspicion of a fraudulent intent.

We perceive no error requiring us to reverse the judgment and it is therefore affirmed.

*Judgment affirmed.*