The William J. Lemp Brewing Company v. Davis Guion
and Fannie Guion.

(Filed September 5, 1906.)

**FRAUDULENT CONVEYANCES— Evidence as to.** In an action to set aside the title to real estate upon the ground of fraudulent conveyance, the fraud must be distinctly pleaded and clearly and satisfactorily proven, and will not be implied from doubtful circumstances which only awaken suspicion.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*Wm. Wallace,* for plaintiff in error.

*Frame and Marsh,* for defendants in error.

Opinion of the court by

Gillette, J.: This action was commenced in the court below for the purpose of subjecting certain real estate, the legal title to which was in the defendant, Fannie Guion, to the satisfaction of a judgment against Davis Guion, and in favor of the plaintiff.

The defendants, Davis Guion and Fannie Guion are husband and wife.

The property was purchased on the 17th of March, 1903, at which time Davis Guion was indebted to the plaintiff in the sum of $751.57.

In February 1904, Davis Guion confessed judgment for the amount of said debt, and upon the return of an execu-

tion "no property found" this action followed. The property when purchased was deeded to Fannie Guion; the transaction of the purchase was conducted by her husband Davis Guion. A dwelling house was afterwards built on the property, and Davis Guion negotiated for the lumber and with carpenters for its construction, and since its construction in June, 1903, the property has been occupied by the defendants as a homestead.

The plaintiff in his petition alleges that the property was purchased and the title placed in the name of Fannie Guion for the purpose of hindering, delaying and defrauding the creditors of Davis Guion, and particularly this plaintiff, and was so placed in her name without consideration being paid therefor by her. The defendants answered separately, Davis Guion by a general denial, and Fannie Guion by an answer denying the allegations of the petition and pleading title in herself, and the occupation of the property as a homestead. Upon the issue so made up the case was tried to the court without a jury.

Upon the trial an admission of the defendants was first offered and received in evidence as follows:

"It is admitted by the defendants in this case that the purchase price for the lots in controversy was paid in two payments by Davis Guion to Hollis Gillmore, the same being lots 7 and 8 in block 12, Keiths addition to the city of El Reno. That at said time he was acting as agent for his wife, Fannie Guion, and made payment for the same out of money belonging to her."

And afterwards the testimony of Hollis Gillmore was introduced to the effect that he sold the lots in question to defendant Davis Guion, he paying him the money therefor.

The testimony of J. P. Peterson shows that he built a residence on the lots, and being asked whether he built it for Davis Guion, answered:

"I can't hardly say whether I made the contract with him or not. He said he did not have any money of his own."

He was then asked to state the transaction and answered:

"Well, we had a verbal contract. We never had a written contract. The way I understood it was this. He had no money but his wife had a little money, and wanted to build a house, that was the way I understood it, and I went to work on the house."

He made the verbal contract with Mr. Guion for $850.00 to build the house and that he, Guion, delivered him the money when the work was completed.

His further testimony was to the effect that Guion and his family moved into the house when it was completed.

J. R. Smiley, testified that he was the manager of the S. M. Gloyd Lumber Co., that he was not with the company at the time of the purchase of lumber for the house. He was then asked if he had the account of Davis Guion with the Gloyd Lumber Company, to which he answered:

"Yes, sir, we have the account for his house. The account of Mr. Peterson." That Davis Guion paid him the money on the account. He stated he did not know what was done with the lumber represented by the account. That the transaction was not made through him, but he collected the money on the bill.

No other testimony was offered to sustain the charge of fraud contained in the petition. At the close of the testimony a demurrer thereto was interposed by the defendant

and sustained by the court, and the case comes to this court predicated upon error in the sustaining of such demurrer.

It is a principle as old as English jurisprudence that fraud must not only be distinctly alleged, but must be clearly and satisfactorily proven, to entitle a party seeking relief on account of the fraud charged to a judgment finding that the fraudulent transaction complained of was entered into and consummated to his detriment. The evidence offered in this case manifestly falls far short of establishing such facts. The presumption indulged in by counsel for plaintiff in error, that because defendant Davis Guion paid over the money which satisfied the price of the lots and material and labor in constructing the house, there is a conclusive presumption that he was using his own money and putting the title in his wife to defraud his creditors, cannot be entertained. The only evidence in the case touching the question as to whose money paid for this property shows that it was the money of Fannie Guion. The record is silent as to when or how, or where she got it, and in the absence of proof the presumption is she came by it honestly, and wholly disconnected from the fraudulent transaction here charged. We are of the opinion that there was no error in the order of the court below sustaining the demurrer.

The judgment of the trial court is therefore affirmed, with costs.

Irwin, J., who presided in the court below, not sitting; all of the other Justices concurring.