#### CULP v. TRENT et al.

No. 12352—Opinion Filed Feb. 5, 1924.

Rehearing Denied May 13, 1924.

**1. Fraud — Presumption — Necessity for Proof.**

An intent to defraud is never presumed, but he who alleges such intent must prove it.

**2. Fraudulent Conveyances—Action to Set Aside—Proof of Fraud.**

In an action to set aside the title to real estate upon the grounds of fraudulent conveyance, the fraud must be distinctly pleaded and clearly and satisfactorily proven, and will not be implied from doubtful circumstances, which only awaken suspicion.

**3. Same—Insolvency of Debtor.**

In an action to set aside a deed charged to be fraudulent as to creditors, it must be both alleged and proved, before the deed will be set aside, that at the time the conveyance was made the debtor was insolvent, and the fact that the insolvency exists at the time suit is brought does not raise the presumption that the debtor was insolvent some months prior to that time.

**4. Same—Conveyance in Settlement of Lawsuit.**

In order to reach property, conveyed in conformity with stipulation for compromise and settlement of a legal action, which had been approved under proper order of the trial court in the action so settled, it is essential that there be alleged and proved insolvency of the debtor at the time that the conveyance was made.

**5. Same—Date of Insolvency.**

In an action to set aside a fraudulent conveyance, it must be alleged and proved, before the plaintiff can succeed, that at the time of the conveyance, and at the time suit was brought, the debtor did not have enough property left, subject to execution, to pay his debts. The fact that insolvency exists at the time suit is brought to set aside a fraudulent conveyance does not raise the presumption that insolvency existed prior to that time, and does not extend the insolvency back to the time the conveyance was made.

**6. Trial—Trial to Court—Finding on Plaintiff's Evidence.**

When a trial is had before a court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and when the plaintiff has introduced all his proof and rested, no rights of his will be impaired if the court then determines what has been proven.

**7. Appeal and Error—Discretion of Lower Court—Refusal of Continuance.**

Where no statutory grounds have been presented to the trial court for a continuance, it is not an abuse of the sound discretion of the trial court to deny a request for the delay of trial on account of the absence of a witness who had not been subpoenaed, and the judgment of the trial court will not be reversed upon an assignment of error upon this ground.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action by George Culp, against Bennie Trent, Chaney Trent, Bessie Trent, Lee Drew Trent, a minor, Harry G. Davis, L. James Marks, W. T. McConnell, Willie Millner, and A. L. Snaden, to set aside fraudulent conveyances, claimed to have been executed in fraud of creditors, and to declare a lien and decree said property to be subject to execution for the payment and satisfaction of judgment of plaintiff in error. Judgment for defendants. Plaintiff brings error. Affirmed.

John C. Graves, Thos. H. Owen, and A. Gray Gilmer, for plaintiff in error.

W. J. Crump, Wm. Neff, and Martin & Zachry, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Wagoner county, Okla., by George Culp, plaintiff

in error, as plaintiff below, filing his petition against Bennie Trent, Chaney Trent, Bessie Trent, Lee Drew Trent, a minor, Harry G. Davis, L. James Marks, W. T. McConnell, Willie Millner and A. L. Snaden, defendants in error, defendants below, for a decree declaring a judgment rendered previously in the case of George Culp v. Bennie Trent for damages to be a lien on all the property both real and personal, of the estate of Bennie Trent, which was claimed to have been fraudulently conveyed and assigned to the defendants in error, and that they be compelled to account for said property, and that the same be decreed subject to execution for the payment and satisfaction of the judgment of plaintiff in error.

The parties to this action will be referred to as plaintiff and defendants as they appeared in the lower court.

The petition of plaintiff, in substance, alleges that the defendant Bennie Trent, prior to the 19th day of October, 1917, was the owner in fee and in possession of 80 acres of land in Creek county, Okla., and about 170 acres of land in Wagoner county, Okla., and was the owner of certain notes, mortgages, government bonds, and cash, all of the value of about $40,000; that he was a Creek Indian citizen and arrived at his majority on the 14th day of October, 1917; that the 80 acres of land in Creek county was a portion of his Creek allotment, and was valuable for oil and gas, and was worth approximately about $30,000; that the remaining land, consisting of 170 acres in Wagoner county, was worth about $60 per acre as agricultural land, and that Bennie Trent was irresponsible, easily influenced, and under the influence of his mother, Chaney Trent: that on the 19th day of October, 1917, his mother, Chaney Trent, by the exercise of undue influence, and under the pretext of saving and preserving his estate, had the said Bennie Trent to convey to her, in trust, all of his property, real and personal; that on the 26th day of October, thereafter, defendant Bennie Trent ran into the plaintiff with his automobile, permanently injuring said plaintiff, and that plaintiff immediately commenced an action for damages in the sum of $25,000 for such injury against defendants Bennie Trent and Chaney Trent, of which all the defendants had knowledge; that about the 1st of March, 1918, and while this action was pending, defendant Bennie Trent brought suit against defendant Chaney Trent for the possession and recovery of the real estate and personal property heretofore conveyed to Chaney Trent; that the defendant Chaney Trent employed as her attorney, in said

cause, the defendant Harry G. Davis in the damage suit, and that the said defendant Harry G. Davis knew said action to be a good and meritorious cause of action against the defendant Bennie Trent; that immediately after said employment of said Harry G. Davis the defendants Bennie Trent, Chaney Trent, and Harry G. Davis entered into a fraudulent conspiracy among themselves and effected a pretended settlement between the defendants Chaney Trent and Bennie Trent, and the sum of $12,000 in cash was turned over to Bennie Trent, and Bennie Trent and his wife, Bessie Trent, conveyed to Harry G. Davis the 80 acres of land, located in Creek county, Okla., which land still stood in the name of the defendant Harry G. Davis, and a complete legal title was vested in the defendant Harry G. Davis, and, in furtherance of said conspiracy to cheat and defraud the plaintiff, the said defendants, above named, caused 90 acres, in section 29, township 18, range 17, in Wagoner county, to be conveyed to and the title vested in Chaney Trent, and caused a conveyance to be made by Chaney Trent to Lee Drew Trent, a minor, of 40 acres of land, in section 31, township 18, range 17, in Wagoner county and caused to be conveyed to the defendants Willie Millner and A. L. Snaden 40 acres, in section 31, township 18, range 17, in Wagoner county and claimed that all of said conveyances were made without any consideration whatsoever, with the purpose and intent of cheating and defrauding the plaintiff, and that in furtherance of said conspiracy the defendants Chaney Trent and Harry G. Davis took over all the personal property of Bennie Trent, with the exception of $12,000, heretofore referred to, and that the three defendants, above named, had converted, secreted, and placed beyond the reach of execution all the personal property of Bennie Trent as above set forth, all of which was being held by said defendants; that plaintiff, on the 21st day of May, 1919, obtained a judgment against the defendant Bennie Trent in the district court of Wagoner county, Okla., in his action for damages, in the amount of $7,500, and costs. Said judgment had not been satisfied and that since the assignments, heretofore complained of, the defendant Bennie Trent had no property, real or personal, subject to execution, and that there was now due and owing plaintiff, on the judgment, the amount of the judgment and $315 costs, and that said judgment was in equity a lien on all the real and personal property of Bennie Trent, conveyed to his codefendants; that prior to the filing of this action, plaintiff caused an execution to be issued from the district court

of Wagoner county, which was returned by the sheriff showing no property found, and prayed judgment setting aside the transfers and declaring the judgment to be a lien upon all the property of the estate of Bennie Trent, or sufficient portion thereof to satisfy said judgment.

Defendant Harry G. Davis filed motion to strike from the petition all that part referring to the lands located in Creek county, Okla., for the reason that the district court of Wagoner county had no jurisdiction over said real estate.

Defendants Lee Drew Trent, Chaney Trent, and Harry G. Davis filed demurrers.

Motion to strike and the several demurrers were overruled by the court and exceptions reserved.

Defendant Harry G. Davis filed his separate answer, denying the allegations of plaintiff's petition, alleging that the 80 acres, purchased by him, was owned by Chaney Trent and in her possession, and that he paid the sum of $12,000, which was a reasonable value at the time, for which he obtained a warranty deed, and that on the date that he purchased said tract of land there was pending a certain suit, in which Bennie Trent was plaintiff and Chaney Trent was defendant, involving the ownership and title of the lands purchased by him with all the other property; that said action was settled prior to the purchase of said land by him by mutual consent of parties, who were present with their attorneys of record by stipulation, by the terms of which the action between defendant Bennie Trent and Chaney Trent was authorized to be dismissed with prejudice. A copy of the stipulation was made a part of the answer and marked "Exhibit A", which was approved by the trial court, and an order entered, dismissing said cause as per stipulation. A copy of the order was attached to the answer and made a part thereof, and by the terms of said stipulation, approved by the court, the 80 acres purchased by him became and was absolutely vested in Chaney Trent, and that she, by her warranty deed, conveyed the same to him, and that he entered into immediate possession thereof, which possession he retained; that, at the same time, he also as a matter of precaution, took a warranty deed from Bennie Trent to the same tract of land, and that he paid $12,000 as immediate payment therefor; that, in the said settlement between Bennie Trent and Chaney Trent the said Bennie Trent was to receive the said $12,000, paid by said Harry G. Davis for the property, and that the said $12,000

was delivered and paid to the defendant by Chaney Trent in their settlement; that he had knowledge of the damage suit, pending between George Culp and Bennie Trent and Chaney Trent, but did not believe that it was meritorious as plaintiff was then offering to settle the same against both defendants for the sum of $600; that, in the purchase of said 80 acres, he was acting solely for himself, and that he became the sole and only owner thereof, and that after his purchase Bennie Trent instituted an action against him and Chaney Trent, in the district court of Creek county for the recovery of said land; that said cause had come on for trial and that a judgment was rendered by said court in his favor against Bennie Trent, the journal entry of which judgment was made a part of the answer as an exhibit, and pleaded the judgments in the case of Bennie Trent v. Chaney Trent, in the district court of Wagoner county, and the case of Bennie Trent v. himself and Chaney Trent, in the district court of Creek county, as being a bar to recovery in this case, as said judgments are res judicata and binding upon the parties to this suit, and prayed the suit be dismissed.

Lee Drew Trent filed his separate answer, denying each of the allegations of plaintiff's petition, alleging that he owned 40 acres, conveyed to him by Chaney Trent by warranty deed, a copy of which he attached as an exhibit, and that he had no knowledge as to any dispute over the title, and that he paid full value for said land; that Chaney Trent, at the time of conveyance, was the owner of the legal title to said land and in possession thereof, and that he had a right to buy the same without regard to equities which might exist therein in favor of third parties.

That, thereafter, Chaney Trent filed her separate answer, in which she denied the allegations of plaintiff's petition, and alleged that she received an allotment as a citizen of the Creek Nation, in Wagoner county, being 90 acres of the lands described in plaintiff's petition, and that she was always the owner and in possession thereof, but that she executed a deed to Bennie Trent to said lands for the purpose of allowing said Bennie Trent to purchase a threshing machine, and that at the time Bennie Trent agreed that said land would be returned to her immediately upon his reaching his majority; that said deed was made to said Bennie Trent without any consideration and that in October, 1918, after the time Bennie Trent reached his majority, said Bennie Trent reconveyed, by warranty deed, said tract of land as he had agreed to do; that on the

2nd day of November, 1918, she and Bennie Trent, by and with the consent and advice of their counsel, settled their property rights involved in said action then pending between Bennie Trent and herself and made a final division of all properties then claimed by said Bennie Trent, and signed a stipulation of dismissal of said action with prejudice, which stipulation was approved by the court and an order dismissing said cause as per stipulation; that, thereafter, the lands came to her by the terms of said stipulation and order of court and became her preperty and all rights then existing between Bennie Trent and this defendant were settled; that at the time of said stipulation she turned over to Bennie Trent personal property of the value of approximately $20,000; that she knew of the pendency of the suit between George Culp and Bennie Trent for damages, but that she considered it of no merit, as the plaintiff in that action had offered to settle for $600.

She further alleged that Bennie Trent, after reaching his majority, was in possession of all the facts relating to his property, and has, since reaching his majority, acted in all things in a careful manner in all business transactions, after advising with his attorney and alleged the same facts as set up in the answer of defendant Harry G. Davis with reference to the judgment rendered in Creek county against Bennie Trent, where suit had been instituted by him to set aside the deeds made by herself and Bennie Trent to Harry G. Davis, and pleaded the same in bar of recovery in this case.

There appears an answer and cross-petition of defendant Bennie Trent which answer was not filed because of the objection of the defendants; no exceptions reserved to the court's action and the cause was then dismissed by plaintiff as against Bennie Trent.

The cause proceeded to trial to the court without the intervention of a jury, and at the close of the testimony on part of the plaintiff each of the defendants demurred to the sufficiency of the evidence and moved to dismiss the cause and the court sustained said demurrers and motions and dismissed said action. Plaintiff reserved exceptions and filed motion for new trial, which was by the court overruled, and the cause comes regularly upon appeal to this court from the orders and judgment of the court sustaining said demurrers and motions and dismissing plaintiff's action.

Attorneys for plaintiff, in their petition in error, complain:

"I. That the said court erred in overruling the motion of the plaintiff in error for a new trial.

"II. That the court erred in not rendering judgment for the plaintiff in this cause on the evidence in said cause.

"III. That the court erred in rendering judgment for the defendants as set forth in the case-made, to which this plaintiff in error excepted at the time."

In order to pass upon the questions raised by attorneys for plaintiff in their brief, it will be necessary to examine the testimony introduced by plaintiff.

The records of the several causes, referred to in the pleadings, were introduced in evidence together with the judgments of the courts in the several cases and the evidence of oral witnesses disclosed that a portion of the lands involved in this action was allotted to the defendant Chaney Trent, and by her conveyed to Bennie Trent, then a minor, under the circumstances as alleged in her answer; that prior to the accident, out of which the damage suit arose between the plaintiff and defendant Bennie Trent, Bennie Trent reconveyed this land, together with all his other property, to his mother, Chaney Trent, and that some time after the action for damages had been filed and while the same was pending, Bennie Trent commenced action against his mother, Chaney Trent, for the setting aside of the transfer to her of his property, and this action was pending before the same judge, who was the trial judge in this action, and was not yet finally disposed of when a stipulation and agreement was made between Bennie Trent and his mother, Chaney Trent, whereby they settled all their differences in said action by and with the advice of their counsel, which stipulaton contained the terms of the division and distribution of the property in controversy in that action, and provided that said action should be dismissed with prejudice, which stipulation was approved by the trial court, and the cause was dismissed with prejudice to another action by the court, upon said stipulation, on the 2nd day of November, 1918. The defendant Harry G. Davis, after said settlement and dismissal of the action, purchased the 80 acres in Creek county and paid therefor the sum of $12,000, which amount was turned over at the time to the defendant Bennie Trent by Chaney Trent, in accordance with the terms of the settlement, and Chaney Trent and Bennie Trent and wife conveyed the lands to the defendant Harry G. Davis by warranty deeds, and title was vested in Harry G. Davis and confirmed to him by judgment of the district court of

Creek county, in an action brought thereafter by Bennie Trent to set aside said conveyances made by himself and his mother to said defendant Harry G. Davis; that at the time of the settlement there was also turned over to Bennie Trent the sum of $7,-500 in notes and mortgages, the total amount of cash, notes, and mortgages turned over to Bennie Trent at the time amounted to $19,500, and that at the time of said settlement Bennie Trent owned an automobile, had four to six head of mules, $2,000 worth of livestock, had farming implements and other property, and the total value of all his monies and property amounted at the time to between twenty and thirty thousand dollars; that at the time of said settlement the attorneys for George Culp were offering to settle the damage suit against Bennie Trent and Chaney Trent for six or seven hundred dollars, according to the testimony of defendant Harry G. Davis and E. L. Kirby, the attorney for plaintiff in that action: that a verdict was obtained by the plaintiff in the damage suit, on the 23rd day of April, 1919, for the sum of $7,500, and on May 20th, a judgment was entered in favor of the plaintiff against the defendant, Bennie Trent, for the sum of $7,500, and costs; that a long time after the date of the judgment, plaintiff, being unable to find property of Bennie Trent to satisfy the judgment under execution, filed a transcript of the judgment in Tulsa county, where the defendant Bennie Trent then resided, and a hearing was had in Tulsa county, in which it developed that Bennie Trent had, at that time, some of the property that had been turned over to him in the settlement, and that John C. Graves, attorney for the plaintiff, had settled a $1,500 note that had been turned over to Bennie Trent in said settlement while said action was pending. A certified copy of the testimony given by Bennie Trent at said hearing was used by attorneys for defendants in this case, in the examination of witnesses, and tendered to attorneys for plaintiff in this action, during the trial: that the $12,000 paid by Harry G. Davis was all the 80 acres of land, received by him, was worth at the time of said purchase, and that Harry G. Davis was not attorney for the defendants in the damage suit at the time of said purchase, but was subsequently employed by Chaney Trent.

This is a fair statement of the testimony introduced by plaintiff in this action.

That plaintiff asked that the court continue the cause until Mr. R. F. Blair, an attorney of Tulsa, Okla., who had not been subpoenaed, could reach Wagoner, the place

of the trial, and that he would testify to certain statements made by Bennie Trent at the time the investigation was conducted at Tulsa, Okla., as to what property he possessed at that time, which request was refused by the court.

The court sustained demurrers, filed by defendants, to the sufficiency of the testimony and sustained motions to dismiss plaintiff's petition, and, in sustaining said demurrers and motions, after argument of counsel, the record shows that the court stated that he had given special attention to the case, and that the testimony had been given special consideration, and that he had resolved every doubt in favor of the plaintiff and against the defendant Harry G. Davis in the conduct of the case, and reviewed the pleadings and made special findings, and found as a matter of fact that the evidence of the plaintiff does not justify any recovery, and that the plaintiff had wholly failed to prove the allegations of his petition, and the defendant, in his motion for new trial, so recognized that the court had made special findings of fact and of law, in that, he set up as a ground for new trial that "each of the findings of fact made by the court in said cause are contrary to the evidence," and "that the conclusions of law rendered by the court on the findings of fact are not supported by law nor the evidence."

In an action of this character the plaintiff is required to make proof of such facts that will entitle him to recover if no controverting evidence be introduced and the plaintiff had the burden of proof and where fraud is alleged, as in this case, as a ground for setting aside conveyances of real estate fraud must not only be distinctly pleaded, but must be clearly and satisfactorily proven and will not be implied from doubtful circumstances, which only awaken suspicion, and this court, in the case of Dunn v. Claunch, 13 Okla. 577, 76 Pac. 143, in the body of the opinion, said:

"An intent to defraud is never presumed, but he who alleges such intent must prove it."

And again this court said in the case of The Lemp Brewing Co. v. Guion, 17 Okla. 131, 87 Pac. 584:

"In an action to set aside the title to real estate upon the ground of fraudulent conveyance, the fraud must be distinctly pleaded and clearly and satisfactorily proven, and will not be implied from doubtful circumstances, which only awaken suspicion."

The question here presented is whether the defendant in the damage suit, Bennie

Trent, was rendered insolvent by the settlement made between him and his mother, Chaney Trent, in the action then pending between them, and whether the title to the property involved in this action was acquired under the fraudulent intent of the grantees to defraud the plaintiff in this action, who had not yet secured judgment, but whose action was then pending. The proof offered by plaintiff negatived the existence of these necessary things before he was entitled to recover in the instant case, as the evidence clearly showed that the settlement of the action between Bennie Trent and Chaney Trent, his mother, was made by and with the consent of counsel for both parties, and by a judge who had knowledge of all the facts, and that a full, fair, and complete consideration was paid for the property, and that said settlement was afterwards approved and confirmed by the court, who had knowledge of all the facts and who was the trial judge in the instant case, and who entered the order, dismissing the case without prejudice upon the stipulation of settlement, and by said settlement Bennie Trent, the defendant in the action for damages then pending between him and the plaintiff, was left in possession of money and property of the value of between twenty and thirty thousand dollars. The true test is whether the transaction rendered the prospective judgment debtor, Bennie Trent, insolvent at the time, not whether he was insolvent at the time the judgment was rendered in the following year or insolvent at the time this action was commenced on the 11th day of March, 1920. The stipulation showed that it was made on the 31st day of October, 1918, and filed November 2, 1918, and the judgment in the damage case was rendered in May, 1919, and this action was filed on the 11th day of March, 1920.

This court, in the case of Oklahoma National Bank et al. v. Cobb et al., 52 Okla. 654, 153 Pac. 134, held:

"In an action to set aside a deed charged to be fraudulent as to creditors, it must be both alleged and proved, before the deed will be set aside, that at the time the conveyance was made the debtor was insolvent, and the fact that the insolvency exists at the time suit is brought does not raise the presumption that the debtor was insolvent some months prior to that time.

"In order to set aside a deed as fraudulent as to creditors, which has been made to pay an honest debt, the grantee must know of and participate in the fraudulent intent.

"In the case at bar the petition does not allege that Henry C. Cobb was involved when he executed the deed to Mrs. McCaf-

frey. It is true that on November 1st execution on one of these judgments issued and was afterwards returned unsatisfied. In order to reach property voluntarily conveyed in fraud of creditors, which is the allegation in this petition it is essential that there be alleged and proved insolvency at the time the conveyance was made.

"In Nevers v. Hack, 138 Ind. 260, 37 N. E. 791, 46 Am. St. Rep. 380, it is held: 'In an action to set aside a fraudulent conveyance, it must be alleged and proved, before the plaintiff can succeed, that at the time of the conveyance, and at the time suit was brought, the debtor did not have enough property left subject to execution, to pay his debts. The fact that insolvency exists at the time suit is brought to set aside a fraudulent conveyance does not raise the presumption that insolvency existed prior to that time, and does not extend the insolvency back to the time the conveyance was made.'"

The record discloses that the plaintiff in the damage suit had sought to obtain an injunction against the transfer of property, but the same had been refused and there was no attachment of the property, but plaintiff contends that the bare fact that he had brought his action against the defendant, Bennie Trent, for a considerable sum of money, which his attorney had offered to settle, according to his own testimony, for the sum of $700, should be held by this court to prevent Bennie Trent from transacting any business or making transfer of any property, and that this court should hold that the pending action of the plaintiff should be declared a lien upon all the property of Bennie Trent. If this harsh rule should be established by this court it would be equivalent to saying that if a person were merely sued in an action for the recovery of money he could not continue to transact any business, and that any person taking property from him, although he paid the full value therefor, would, in the event the plaintiff obtained judgment thereafter in the action, that said property so purchased could be recovered in satisfaction of said judgment several years later.

We do not understand the law to provide that the filing of a suit gives the plaintiff a lien against the property of the defendant, for, if such were the law, a plaintiff by filing an action against a defendant could immediately procure a lien against his property for any judgment which might thereafter be obtained, and that no person could buy his property, pending the suit for damages. As heretofore stated, at the time of all the transactions complained of here between Bennie Trent and the defendants in this ac-

tion, where this property was conveyed to the defendants, he received $19,500 in cash, notes, and mortgages and had several thousand dollars' worth of other property, out of which to satisfy a judgment, which, in the opinion of plaintiff's counsel, was not worth over $700, and for which amount he offered to settle.

In our opinion, under the record testimony and under the oral testimony, introduced by plaintiff in this action there was no fraud perpetrated, or attempted to be perpetrated, by the defendants in this action, for the reason that said transaction was made openly, conveyance recorded, settlement approved by the trial court, with knowledge of all the facts, and conveyances upheld by the district court of Creek county, and the transaction had the approval of two district courts with full knowledge of the facts before them, and was confirmed by solemn judgments of both courts.

It is urged by counsel for plaintiff that the court did not weigh the testimony. It is heretofore shown in this opinion that the court, in deciding the questions raised on the demurrer to the evidence and the motion to dismiss, did weigh the testimony and considered the pleadings in the case, as shown by his oral statement in passing upon said demurrers and motion, heretofore referred to, and in the journal entry, in which it is found, "That the evidence, introduced by the plaintiff, was not sufficient to warrant any of the relief prayed for in plaintiff's petition or any relief whatever, and the court after considering said evidence after hearing the arguments of counsel and being fully advised that the evidence introduced on behalf of the plaintiff is not sufficient to warrant the relief prayed for by plaintiff in his petition or any relief whatever as to the defendants Harry G. Davis, Chaney Trent and Lee Drew Trent," and attorneys for plaintiff so recognized this in the motion for new trial, heretofore referred to. The action of the court comes within the rule laid down by this court in the case of Lowrance v. Henry et al., 75 Okla. 250, 182 Pac. 489.

"In the trial of a law action, all the issues, both of fact and law, were submitted to the court without the intervention of a jury. At the conclusion of plaintiff's testimony, and after he had rested his case, defendants demurred to the evidence and at the same time requested the court to render judgment in their favor as prayed for in their answers. The court sustained the demurrer, made special findings of fact, and rendered a decree in favor of the defendants. Held, that while the judgment of the court sustained the demurrer, yet, having made special findings of

fact, it was obvious that the court weighed the plaintiff's testimony for the purpose of determining the rights of the respective parties and the whole case being before the court, and there being evidence reasonably tending to support the court's findings no reversible error was committed.

"When a trial is had before a court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and when the plaintiff has introduced all his proof and rested, no rights of his will be impaired, if the court then determines what has been proven."

See, also, Porter v. Wilson, 39 Okla. 500, 135 Pac. 732.

It is our opinion that under the evidence and under the decisions of this court, there was no fraud perpetrated upon the plaintiff in this action.

Upon the second ground of error, that the court erred in refusing to await the arrival of R. E. Blair, a witness for plaintiff, we find from the record that this witness had not been subpoenaed and no statutory ground was set up for continuance on account of his absence. His testimony, if he had been present, would have been admissible as counsel for plaintiff stated that he would testify as to statements made by Bennie Trent, who was not a party to this action, at the time of the Tulsa investigation and whose testimony in regard to this transaction had been preserved by certified transcript, which was in court and offered by the defendants to the plaintiff for their examination, and could have been introduced by counsel if admissible. In our opinion, the action of the court in refusing to delay the trial on this account was clearly within his discretion and his denial of request was not an abuse of the sound discretion of the court.

We are, therefore, of the opinion that the judgment of the trial court in this case was correct and it should be and is hereby affirmed.

By the Court: It is so ordered.