## PERRY v. SHAVER.

No. 13000—Opinion Filed April 8, 1924.

(Syllabus.)

1. **Fraudulent Conveyances — Conveyances to Wife—Evidence of Fraud.**

If in a trial of an action against a husband and wife to set aside a conveyance of real property to the wife or to declare the property to be that of the husband, the plaintiff produces evidence of facts and circumstances sufficient to make prima facie proof that such conveyance was made in fraud of the legal rights of the creditors of the husband, the failure of the wife thereupon, although being present in court, to offer affirmative proof or explanation of such facts and circumstances tending to show that her part in such transaction was an honest one, affords strong evidence of fraud.

2. **Appeal and Error — Review — Sufficiency of Evidence in Equity Case.**

In an appeal to this court from a judgment of the trial court in a case of purely equitable cognizance, where the record discloses competent and material evidence sufficient to make prima facie proof of every fact essential to the existence of the cause of action on which the judgment is based, and the judgment is not clearly against the weight of evidence, the judgment will not

oe set aside on the alleged insufficiency of the proof offered.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by J. S. Shaver against Mabel Alice Perry and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

C. A. Steele and W. A. Daugherty, for plaintiff in error.

Robinson & Mieher, for defendant in error.

LYDICK, J. With a writ of execution on his judgment against R. E. Perry returned nulla bona, J. S. Shaver brought this suit in equity in the district court of Tulsa county, against R. E. Perry and his wife, to subject to the lien of his judgment certain valuable real estate held of record in the name of the wife. On trial the district court rendered judgment in favor of J. S. Shaver, as prayed for, and the wife of R. E. Perry brings the case here on appeal.

The first assignment of error is that the judgment is against the weight of the evidence. The plaintiff produced more than a dozen witnesses, who pieced together many facts from which clearly appears a repetition of the old, old story of a husband, prosperous for a while and seeing financial reverses coming, transplanting, without consideration and to defraud his creditors, all of his money and interests from his own name into that of his wife, who apparently had no sufficient source of income except her husband's. The evidence is largely circumstantial, but as a whole is very convincing if uncontradicted and unexplained. The wife then took the witness stand in her own defense, but her attorney confined her testimony to that of the bald legal conclusion that the property was hers and not her husbands. On cross-examination, her attorney, by a most vigorous effort to limit the scope of cross-examination to that technically covered by the direct, succeeded in preventing the attorneys for plaintiff from going far into the many fraudulent appearing transactions of the wife and her husband relative to the siphoning out of the husband's name into that of the wife, moneys and properties rightfully the subject of execution on the judgment of the plaintiff in this case. The husband did not take the witness stand. The wife, refusing to hazard explanation of the voluminous testimony of prejudicial conduct of herself and her husband, stands here only on the coldly asserted insufficiency of the evidence against her.

Refusing explanations as she did, her defense bears not the mark of honest battle, and this the court has often held to be material and most substantial proof against her.

See 27 Corpus Juris 803; Potts v. Rubesam, 54 Okla. 408, 156 Pac. 356.

In our opinion there is in the record evidence sufficient, undisputed and uncontradicted as it is, to make prima facie proof of every fact essential to the existence of the cause of action pleaded, and we hold the judgment is not only not contrary to the weight of evidence, but is in conformity therewith. The first assignment of error is not well taken. See Nowka v. West, 77 Okla. 24, 186 Pac. 220; Turben v. Douglass, 76 Okla. 78, 183 Pac. 881.

The second assignment of error argued is that incompetent evidence was received over the objection of the defendant, the wife. In cases where fraud is charged, great latitude is permitted in the scope of evidence considered competent, relevant, and material. The plaintiff is properly premitted to prove all the tracks the defendants have made. Some of the evidence may have gone somewhere beyond the proper limits, but under all the competent evidence as it appears on the record, no judgment, in good conscience, could have been rendered other than the one which the lower court rendered, and we must hold the assignment of error not well founded. See Crisp v. Gillespie, 50 Okla. 541, 151 Pac. 196; Wimberly v. Winstock, 46 Okla. 645, 149 Pac. 238; 12 R. C. L. 524, 568, 571; William J. Lemp Brewing Co. v. Guion et al., 17 Okla. 131, 87 Pac. 584; Okla. Natl. Bank v. Cobb, 52 Okla. 654, 153 Pac. 134; Farmers State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207.

Some reference is made in the briefs to the claim that this property is the homestead of the wife and therefore exempt from the effect of this lien. This question is not within the issues as framed by the pleadings in the lower court and apparently is presented in this court on appeal for the first time. This is not permissible. In the brief of the plaintiff in error, where the assignments of error are classified under two headings and in such manner presented, this question is not included. The complaint as to the homestead question is not well taken.

It would serve no useful purpose to set out a synopsis of this lengthy testimony. Similar questions of fact and of law have heretofore been well adjudicated under rules of law clearly announced by this court in the cases above cited.

The judgment of the lower court is affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and WARREN, JJ., concur.