### JOHNSTON v. KEY et al.

No. 15142—Opinion Filed Feb. 3, 1925.

Rehearing Denied May 5, 1925.

**Appeal and Error—Review of Equity Case —Sufficiency of Evidence.**

In an appeal to this court from a judgment of the trial court in a case of purely equitable cognizance, where the record discloses competent and material evidence sufficient to make prima facie proof of every fact essential to the existence of the defense of the defendant, on which the judgment is based, and the judgment is not clearly against the weight of evidence, the judgment will not be set aside on the alleged insufficiency of the proof offered.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by D. W. Johnston against J. B. Key and Annie B. Key. There was judgment for defendants, and plaintiff appeals. Affirmed.

This is an action brought by D. W. Johnston against J. B. Key and Annie B. Key to recover upon a promissory note of $4,000 and foreclosure of mortgage dated April 30, 1921, due and payable November 1, 1921. The

petition is in the usual form, and prays for judgment for the amount of $4,000, and $400 as attorney's fees, and interest of eight per cent. from the 30th day of April, 1921, and for foreclosure of mortgage given to secure said indebtedness. The defendants filed answer consisting of a general denial that admits the execution of the note and mortgage sued on, but allege that it was obtained without consideration. Then it sets out that on the 30th day of April, 1921, the plaintiff executed an oil and gas lease to the defendants on 40 acres of land in Okfuskee county described as to the southwest quarter of the southeast quarter of section 9, township 10 north, range 11 east; that the note and mortgage sued on were executed in payment of the purchase price of said oil and gas lease, and that at the time of said purchase, plaintiff represented to the defendants that the above described 40 acres of land was free and clear of all encumbrances; and that he was the owner in fee of same; and that they, the defendants. resided from 25 to 30 miles from said tract, and knowing nothing about plaintiff's title to said land except what plaintiff stated, they relied upon and believed the statements of plaintiff, and executed said note and mortgage under the belief that they were procuring a lease on the 40 acres of land at the rate of $100 per acre; that defendants learned after the execution of said note and mortgage that the statement and representations of plaintiff made to defendants were false and untrue, and were made by plaintiff for the purpose and intent to cheat and defraud the defendant; that there were about 3 acres of said 40 owned and occupied as a church by an Indian congregation, and that the Fort Smith & Western Railway Company's track ran across the entire east side of said 40, and its right of way took something over 3 acres of said 40, which only left about 33 acres of land belonging to the plaintiff instead of 40. There is considerable controversy as to whether Johnston ever executed a lease to the defendants. The defendants claimed that he did not execute a lease, but executed a drilling contract, and that they refused to accept the so-called lease and returned it to the plaintiff, and requested that he return the note and mortgage or furnish them with a good and valid lease. It is conceded that the defendant Key returned the so-called lease, and that sometime thereafter a second lease was prepared and sent to the defendant, but he refused to accept the same and demanded a return of his note and mortgage. It appears from the record that the defendant Key prepared the second lease, and through his attorney sent it to Johnston to execute, but that Johnston before executing it made various and material changes in the lease, and when it got back to Key in its mutilated form he refused to accept same, and demanded a return of his note and mortgage. Johnston refused to return the note and mortgage and afterwards brought suit to collect same. The testimony in the record strongly tends to show that Johnston did not execute a proper lease in the first place, and when Key sent him a form of lease that he was willing to take that Johnston mutilated the same by making various changes in it, and Key refused to accept it. There were a number of witnesses who testified in the case and after hearing all of the testimony, the court made the following findings of facts and conclusions of law:

### "Findings of Fact:

"The court finds that on the 30th day of April, 1921, J. B. Key and Annie B. Key, husband and wife, executed their certain promissory note and real estate mortgage to secure the same in favor of D. W. Johnston for $4,000. That at the time this note and mortgage were executed it was to be the consideration for a certain oil and gas lease, covering the southeast quarter of the southeast quarter of section nine, township ten north, range eleven, east, Okfuskee county, Okla., and that said lease was to be in conformity with the verbal understanding of the parties prior to the date that said note and mortgage were executed.

"That at the time said note and mortgage were delivered by the defendants to plaintiff, plaintiff delivered to the defendants an oil and gas lease which was not accepted by the defendants and was returned to plaintiff by mail. That after the plaintiff received the oil and gas lease sent to him by mail, there was another oil and gas lease, so designated, executed by the plaintiff and others and sent to the defendants. That the defendants did not accept said oil and gas lease and immediately notified plaintiff that he would not accept it as it did not comply with the agreement of the parties or understanding that they had as to terms and conditions with reference to time and drilling for oil on said premises, and that the minds of the parties did not mutually meet and agree and no contract was ever consummated, and the consideration mentioned in said note and mortgage failed.

### 'Conclusions of Law:

"The court therefore concludes as a matter of law that the note and mortgage sued upon herein is without consideration and inasmuch as they are in the hands of the original holder, should be cancelled by a decree of this court, and that a decree of this court be entered in accordance with these findings and conclusions.

"Given under my hand this the 10 day of September, 1923, Geo. C. Crump, District Judge."

Judgment was entered on said findings of facts and conclusions of law cancelling the note and mortgage sued on and quieting the title to the land described in the mortgage in J. B. Key and Annie B. Key; and enjoining the plaintiff from ever asserting any claim to said land, and after timely motion for a new trial, which was overruled by the court, the case was appealed to this court.

C. T. Huddleston, R. A. Hockensmith, and Warren, Miller & Crutcher, for plaintiff in error.

Pryor, Stokes & Carver, for defendants in error.

Opinion by MAXEY, C. We have carefully read the entire testimony in this case and we think the findings of fact by the court are sustained by the testimony. We are not unmindful of the rule that in an equity case, and this is an equity case purely, that this court has a right to review and weigh the evidence, and if the findings of the trial court are against the weight of the evidence, this court may reverse the findings and the judgment of the trial court. But the converse of this rule is equally controlling on this court; that is, if the findings of fact and conclusions of law made by the trial court are not clearly against the weight of the evidence, this court will not disturb the findings of the trial court. This rule is too well established by this court to require the citations of authorities. After a careful reading of the testimony and findings of fact by the court, we are of the opinion that the judgment in this case is sustained by the weight of the evidence, and controlled by the case of Perry v. Shaver, 101 Okla. 248, 225 Pac. 359. The judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 898.