STREETER et al. v. STATE ex rel. SHULL, Bank Com'r.

No. 20425. Opinion Filed Jan. 19, 1932.

W. R. Withington, for plaintiffs in error.

J. E. Burns and J. F. Murray, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Kay county in favor of the defendant in error, the plaintiff in the trial court, against the plaintiffs in error, the defendants in the trial court. Since the issue herein will be determined by a decision as to the rights of the plaintiff in error A. L. Streeter, for convenience we will hereinafter refer to the defendant in error as the plaintiff and the plaintiff in error A. L. Streeter as the defendant.

The action was begun for the purpose of vacating and annulling certain conveyances of real estate from David Allison and subjecting that real estate to the satisfaction of certain judgments and claims against David Allison and in favor of the Deposit Guaranty State Bank of Ponca City, an insolvent state banking corporation which had been taken charge of by the State Bank Commissioner for the purpose of liquidation as provided by law.

The plaintiff alleged that the land in question belonged to David Allison and that it had been conveyed by him for the purpose and with the intention of hindering, delaying, and defrauding his creditors. Those allegations were denied. Thereby two issues of fact were created. The burden was on the plaintiff to sustain its contentions and to show, first, that the property belonged to David Allison, and second, that it had been conveyed by him for the purpose and with the intention alleged. 27 C. J., sec. 553, p. 712. It was not incumbent upon the defendant to prove the negative thereof, although the answer contained an allegation negativing the same. 27 C. J. sec. 712, p. 786. A statement in the answer of matters provable under a general denial does not place on the defendant the burden of proving such facts.

If David Allison was not the owner of the property in question, the plaintiff cannot recover in this action, for the rights of the plaintiff in the property are no greater than the rights of David Allison therein at the time the legal title thereto was in his name.

It is contended by the plaintiff that, since the defendant alleged in his answer that he paid the purchase price of the land and that the title was taken in the name of David Allison for the use and benefit of the defendant, the burden is on the defendant to establish the trust agreement pleaded by the defendant by that quantity of evidence necessary under the decisions of this court as stated in Hayden v. Dannenberg, 42 Okla. 776, 143 P. 859; Rollow v. Taylor, 104 Okla. 275, 231 P. 224; Craig v. Craig, 114 Okla. 302, 247 P. 67; Boles v. Akers, 116 Okla. 266, 244 P. 182, and Teuscher v. Gragg, 136 Okla. 129, 276 P. 753. That rule would be applicable in cases where it was sought to establish a trust in real estate. The object in this case is not to establish a trust in real estate. The plaintiff alleged the title of this real estate to be in Allison. The allegation of the trust was in denial of that allegation of the plaintiff. The burden was on the plaintiff, and the cases with reference to the establishing of a trust are not applicable. The defendant in this action could defeat the claim of the plaintiff by showing by competent evidence that Allison was not the owner of the property in question, but the burden was not on the defendant to show that Allison was not the owner; the burden was on the plaintiff to show that Allison was the owner thereof.

This is an equitable case and, on appeal, it is the duty of this court to affirm the judgment of the trial court if it is not clearly against the weight of the evidence, but, if it is clearly against the weight of the evidence, this court will reverse the judgment and render such judgment as the court below should have rendered. Tittle v. Wade, 129 Okla. 228, 264 P. 200.

The record in this case consists of 716 pages of typewritten matter. We think that nothing could be gained by abstracting the evidence herein and that it is sufficient to state that an examination of the evidence discloses that the judgment of the trial court is against the clear weight of the evidence as to the ownership of this land by David Allison. The judgment of the trial court could be sustained only by adopting the theory of the plaintiff, which is that "the whole theory of the defense as presented by this record is a glaring absurdity and we submit in all candor and fairness, does not rise to the dignity of a material defense"; that "no credence or credibility should be given evidence of this character"; that the defense is "a fabrication and wholly false," and that the real estate transactions "were handled in a manner which is probably unheard of in the history of real estate transactions." An examination of the evidence discloses little, if anything, to support that

theory. The testimony of the defendant is that he gave Allison the money with which to purchase the real estate through an agent of the Department of the Interior, and that Allison made the purchase for him 'and held the legal title in his name in trust. We do not agree that the manner of purchase was "probably unheard of in the history of real estate transactions." If the purchase was not handled in the manner stated by the defendant, the records of the Department of the Interior in the office of the Indian Agent, so far as this record shows, were available to the plaintiff to disprove the testimony offered by the defendant. The plaintiff did not so attack the testimony and it cannot be stricken down by the statement that it should be given no credence and that it is a fabrication and wholly false. The evidence of the defendant was much more than sufficient to rebut the presumption arising from the legal title to the land having been in Allison, and the clear weight of the evidance is to the effect that Allison was not the owner of the land and that he held the legal title thereto only in trust. Whether he held the legal title thereto in trust for the defendant or someone else is immaterial in this case, for in either event he was not the owner thereof and the right of the defendant to recover is dependent on proving the ownership of the property by Allison.

In 27 C. J., sec. 713, pp. 786, 787 and 788, it is said:

"Fraud is never to be presumed when the transaction may be fairly reconciled with honesty, especially where it is alleged to have occurred many years before the bringing of suit; and hence the burden of proof, where the rule is not affected by special statutory provisions, is on the attacking creditor to show fraud in the conveyance; and the presumption of honesty and legality prevails in favor of ordinary business transactions, irrespective of whether an existing or subsequent creditor seeks to impeach the transaction, or whether the fraud is set up as a cause of action, or as a defense. If the fraud is pleaded as a basis of an action, plaintiff is under the necessity of establishing his case before defendant is obligated to offer any evidence in defense. The difficulty of proving fraud cannot in any way affect the necessity of proving it."

It was announced in Lemp Brewing Co. v. Guion, 17 Okla. 131, 87 P. 584, by the territorial Supreme Court, as follows:

"In an action to set aside the title to real estate upon the ground of fraudulent conveyance, the fraud must be distinctly pleaded and clearly and satisfactorily prov-

en, and will not be implied from doubtful circumstances which only awaken suspicion" —and it has been followed by this court in Culp v. Trent, 99 Okla. 112, 226 P. 348, and State ex rel. Mothersead v. Mobley, 112 Okla. 152, 241 P. 155. We know of no departure therefrom.

A portion of the record consists of evidence with reference to forgery and that question is discussed in the briefs. The record shows that the legal title to the land was in David Allison. If he was the owner of the land, the judgment of the trial court in this action should be affirmed. If he was not the owner of it, then he could not have made a fraudulent conveyance thereof within the meaning of section 5271, C. O. S. 1921. It is immaterial in this case whether or not the deed executed by him was materially altered by changing the name of the grantee therein, or whether or not the deed executed by the trust company was materially altered by the changing of the name of the grantee therein. Under the facts shown by the record in this case, though the legal title to the land was in David Allison, the land could not be subjected to the claims of the plaintiff if David Allison was not the owner thereof and only held the legal title thereto in trust. The property of the defendant, who owes the plaintiff nothing under the facts shown by the record in this case, cannot be subjected to the claims of the plaintiff arising out of an indebtedness due to it from David Allison.

In the absence of conduct amounting to an estoppel, a conveyance of real estate by one who holds the legal title thereto in trust for another cannot be set aside as a fraudulent conveyance, under the provisions of section 5271, C. O. S. 1921, in a suit by the creditors of one who held the legal title thereto. There is nothing in the record to show an estoppel against the defendant, although there are some circumstances in connection with the transactions detailed in evidence that tend to arouse suspicion as to the ownership of the land in question, such as the taking of the title of the land in the name of David Allison. The explanation therefor given by the defendant is reasonable and is in no wise improbable. There is nothing in the record to show that either David Allison or the Deposit Guaranty State Bank paid any portion of the purchase price of the land. The defendant testified that he paid the purchase price therefor by delivering the same to Allison, who acted in making the purchase for him, and that testimony is not denied. The pur-

chase of the land occurred approximately five years before the bank fiailed and at a time when the record shows nothing to impeach the regularity of the transaction. The legal right of the defendant to purchase the land and take the title thereto in David Allison cannot be an issue in this case, for, if it did not exist by reason of some federal statute, David Allison is not the owner of the land and the plaintiff can have no benefit of his purchase. David Allison never at any time reported to the Banking Department that he owned this land. The record shows that he listed it as his property in a financial statement made for the purpose of obtaining credit from others, but there is nothing to show that the Banking Department knew of that fact or that it acted thereon in permitting him to operate through the bank.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to set aside the judgment heretofore rendered and to grant the defendant a new trial under the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. McNEILL, J., not participating.