## GEORGE MEIXSELL
### *v.*
## CHAPMAN WILLIAMSON.

1. MORTGAGE OF CHATTELS — *whether fraudulent or not.* To make a mortgage of chattels fraudulent on the ground it was made to delay, hinder or defraud creditors, both parties must participate in this design. The intent must be mutual.

2. WITNESSES — *how unworthy of belief.* Where two witnesses swear directly opposite to each other, on one point, it does not follow that either one of them is unworthy of belief, or that the testimony of either, on other points, should be wholly rejected.

3. So where one witness swore that the note was dated at the time it was executed, and another swore that it was dated afterwards, it does not follow, though the testimony of the first witness may be false, that the jury can disregard his testimony on other points, or that he is unworthy of belief, for his testimony on the other points may be corroborated.

4. A witness may swear falsely in one particular, and yet be corroborated in all other particulars.

WRIT OF ERROR to the Circuit Court of Tazewell County.

This was an action of replevin in the Tazewell Circuit Court, before Hon. JAMES HARRIOTT, circuit judge.

The cause was tried by a jury, and verdict and judgment for the defendants. The record is brought here by a writ or error, where several errors were assigned, the most important of which are upon the instructions given for the defendants. The facts are sufficiently stated in the opinion of the court, and so are the instructions.

Mr. B. S. PRETTYMAN, for the plaintiff in error.

Mr. C. A. ROBERTS- and Mr. R. W. IRELAND, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin brought by plaintiff in error in the Tazewell Circuit Court, against the defendant in error, for certain goods and chattels in the declaration described.

The defendant pleaded *non cepit* and property in one Phares Meixsell, and that as sheriff of Tazewell county he seized the property by virtue of an execution issued on a judgment against Phares Meixsell.

The jury found a verdict of not guilty, on which the court entered judgment for costs against the plaintiff, on overruling a motion for a new trial. The case is brought here by writ of error, and the principal point made is on the instructions given by the court for the defendant.

The facts are briefly these: On the 27th of August, 1860, Phares Meixsell executed a mortgage to the plaintiff for the chattels in question, which was duly acknowledged and recorded on that day, and at the same time executed a note which the mortgage was given to secure. The mortgage contained the usual provision, that the property should remain with the mortgagor until the note matured. It appeared the note was made payable on the 27th of August, 1862. There is proof tending to show, when the note was signed, it was made payable on the day of its date, the figure " 2 " having the appearance of having been inserted after its execution, though the note is recited in the mortgage as payable on the 27th of August, 1862. The maker of the note testified that it bore the date it had when he executed it; but another witness (Corey) testified that the note was in his handwriting, except the signature, and that he put the date to it after it was executed. Phares Meixsell testified that the debt for which the note was given was *bona fide* and justly due.

On this state of facts, the defendant asked the court to instruct the jury that if they believed, from the evidence, that

the mortgage was not *bona fide*, but was made to hinder and delay the creditors of said Meixsell, then the jury are to find the defendant not guilty.

The objections to this instruction are obvious. The intent of P. Meixsell to delay and hinder his creditors, is not, under repeated decisions of this court, sufficient. This intent must be mutual, both the mortgagor and mortgagee must harbor the intent. *Ewing* v. *Runkle*, 20 Ill. 448; *Myers* v. *Kinzie*, 26 id. 38. But if the instruction was right in this respect, still the jury should not have been instructed to find the defendant not guilty. There was a plea in, of property in this mortgagor, and the verdict should have been for the defendant on that plea, if the mortgage was found to be fraudulent.

The next instruction the court gave for the defendant, was this : " If the jury believe, from the evidence and statement of Mr. Corey, sworn as a witness in this cause, that the witness, Phares Meixsell, has sworn falsely as to the note having been dated at the time of execution, and from such evidence, that said Phares Meixsell is unworthy of belief, the jury may disregard his whole testimony."

Without noticing any other objection to this instruction, it is sufficient to say it is altogether too broad, as this court has often decided. The court should have added to the instruction : " unless corroborated," for a witness may swear falsely in one particular, and yet be corroborated in all other particulars. By the third instruction the jury were told, if they believed from the evidence of Corey, that Phares Meixsell has sworn falsely, and that he is unworthy of belief, and that there is no other evidence to show that the mortgage was *bona fide*, they will find for the defendant.

This placed the case on very unfair grounds, for the jury, for aught that appears in the case, might as well believe that Corey stated what was not true, as that Phares Meixsell did, and if they placed more confidence in the statement of Corey, as to the time the note was dated, than they did in the statement of Meixsell, it did not follow the mortgage was not *bona fide*, for it recites the fact that the note was to be paid August 27,

1862. It was a very small circumstance by which to invalidate the mortgage. It was immaterial whether there was a note or not, if the property was to be held by the mortgage for two years.

The fourth instruction is unobjectionable, except in this, that admitting as it does that the production of the note and mortgage is *prima facie* evidence of the good faith of the transaction, yet the jury are told, if they believe from the evidence that it was not made in good faith, they will find for the defendant. Now, there was no other evidence of the transaction before the jury but the note and mortgage, and the testimony about the date as an alteration. The note and mortgage making a good *prime facie* case, and no evidence to rebut it, the jury ought to have been told that such a case was as strong as any other, and their verdict must be for the plaintiff. A good *prima facie* case is a case which may be disparaged, but until it is successfully, it must prevail.

The fifth instruction is this: If the jury believe from the evidence that the note has been altered since its execution, and that Phares Meixsell is contradicted by the testimony of other witnesses, and that the note was altered to make it conform with the description in the mortgage, they may take all these facts into consideration to show that the mortgage was fraudulent, and if they believe from the evidence that it was fraudulent, they will find for the defendant.

Here is a medley indeed. If all the items in this instruction existed, they would not make the mortgage, under which the property was claimed, fraudulent, unless the mortgagee was implicated in the fraud as a party to it.

Suppose the note was altered to make it conform to the mortgage, who can complain, provided the mortgage was executed to secure a valid preëxisting debt?

This court held, in the case of *Prior* v. *White*, 12 Ill. 263, that notes not actually executed at the time of making the mortgage, but made subsequently, so as to correspond with the mortgage, did not render the transaction fraudulent *per se.* It is a circumstance for the jury to consider.

The sixth instruction connects the plaintiff with a knowledge of the alteration, and embraces no proposition on which the court could act, and is harmless if improper.

The seventh instruction is as follows: "If the jury believe, from the evidence, that Phares Meixsell is so unworthy of belief, they may disregard his whole testimony, and if there is no other evidence of the indebtedness of Phares Meixsell to George Meixsell and there was no such *bona fide* indebtedness, they will find for defendant."

How "so unworthy of belief?" If, in the estimation of the jury, he was unworthy of belief, they might disregard his testimony, but this they could not do without some evidence of his unworthiness and turpitude. The mere fact that he differed from another witness, as to the time the note was dated, is not such a circumstance as should condemn him. And besides, that fact of itself was not very important, the mortgage reciting a note payable on the 27th of August, 1862.

The court, by the eighth instruction, told the jury that they might take into consideration and inspect the note, and the testimony of Corey and Griswold, and if from all that testimony, they believed that the note was made payable on the 27th of August, 1860, and the mortgage was given to secure that note, then Phares Meixsell had no right to retain the possession of the property after that time, they will find for the defendant, and under this state of circumstances, it does not make any difference whether the mortgage was fraudulent or not.

There is, perhaps, no solid objection to the substance of this instruction, though liable to some criticism. But the whole case puts the theory on which it is based, and of the plaintiff's case, to flight. Can it be supposed, for a single moment, that the mortgagor was to retain this property but for a single day? It is preposterous and absurd. By the mortgage, he was to retain the possession until the note matured, and it would mature on the 27th of August, 1862, and not on the day after its date.

The ninth instruction tells the jury that Meixsell would not have any right to convert the note to the prejudice of the defendant, and if the note was made payable in 1860, the plaintiff nor any one else had any right to convert it to the prejudice of the defendant.

The defendant was the sheriff of the county and had levied an execution on this property. He, as defendant, had no interest in the matter to be prejudiced in any way. The instruction was wholly irrelevant and improper.

But, really, there is no evidence whatever, that the date of the note has been altered. Corey dated it, he says, after it was executed, while Phares Meixsell says it was dated when he signed it. Griswold never saw the party write, and knew nothing of the handwriting. The figure " 2 " was made with different ink from the body of the note, and so was the signature. No one proved an alteration of the date.

The jury did not have the case properly put to them by the instructions. They are all objectionable, in one view of the case, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*