## COUSINS et al. v. WILSON et al.

No. 11751—Opinion Filed Nov. 27, 1923.

**1. Trusts—Equitable Interest.**

"Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition; or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title."

**2. Same—"Resulting Trust" — Created by Operation of Law.**

In such case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended and whom equity deems to be the equitable owner, under section 8462, Compiled Oklahoma Statutes 1921, providing, inter alia, that no trust in relation to real property is valid unless created by operation of law.

**3. Pleading — Averment of Notice and Knowledge—When not Conclusions of Law.**

In a suit to cancel conveyances of real estate from a trustee thereof, plaintiff averred, in substance, that the grantees of such real estate had notice and knowledge that the plaintiff was the owner thereof; Held, that such averment of notice and knowledge is not a conclusion of law, but is well pleaded as against a general demurrer.

**4. Same—Averment That Deed is Void—Conclusion of Law.**

In such case, an allegation that a deed is void is a conclusion of law and is vulnerable to demurrer as not being well pleaded.

**5. Same—Petition—Sufficiency Against Demurrer.**

As against a demurrer, a petition must be liberally construed, and all its allegations

taken as true and admitted, and if any fact stated entitles plaintiff to any relief, the demurrer should be overruled.

Record examined, and held, that the trial court erred in part in sustaining a general demurrer to plaintiff's petition.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Jack Cousins et al. against Georgia Johnson et al. to cancel deeds and quiet title. Demurrer sustained to petition, and plaintiffs appeal. Reversed in part and remanded.

James M. Hays, for plaintiffs in error.

Wellington L. Merwine, John L. Newhouse, and Wallace & Stephens, for defendants in error.

Opinion by ESTES, C.   Jack Cousins, plaintiff in error, as plaintiff below, sued defendants in error, as defendants. On the death of said Jack Cousins, the cause was revived in the names of plaintiffs in error, who are sons and daughters and heirs at law of said Jack Cousins. Among other things, the petition alleged that said Jack Cousins was a freedman citizen of the Creek Nation; that he received the lands in controversy as his homestead allotment and that at all times referred to, he was in the actual and exclusive possession of same as his homestead; that in 1916, being old and infirm and not expected to live, he made a deed of said land to his wife, Nellie Cousins; that thereafter he and his said wife because both were feeble and in failing health, executed a deed to their daughter, Georgia Johnson, one of the defendants, retaining possession of the land; that no consideration was paid for said land and deed by the said Georgia, and that the latter held said land in trust; that thereafter the said Georgia Johnson and her husband, without knowledge or consent of plaintiff, and in violation of such trust, conveyed said land by deed to defendant, Lincoln Reed; that said Reed took same from said Georgia with notice and knowledge that the plaintiff was the owner of said land and that such deed to Reed was void; that thereafter said Reed made farm lease on five acres of said land, including the house of plaintiff, for five years to said Georgia; that there appears of record an affidavit purporting to have been made by Jack Cousins and his said wife to the effect that they had received $1,000 as consideration for their original deed to said Georgia; that said affidavit was false and was a forgery; that there appears of record a purported quitclaim deed from himself and said wife to said Reed; that said Reed paid nothing for said land or for said quitclaim deed and that plaintiff and his said wife did not execute or deliver to said Reed the said purported deed, and that the same was a forgery; that thereafter said Reed conveyed by deed, the said land to defendant, Fred Wilson; that said Wilson took same with notice of plaintiff's rights to said land and that plaintiff and his said wife were occupying same and until the death of his said wife, and that it was known to said Wilson at the time he took and received said deed from Reed that they occupied same as their homestead; that thereafter said Wilson executed a mortgage on said real estate to the defendant, American State Bank; that said mortgage was void; that all of said instruments were duly recorded and that all of same, except the deed to said Georgia, were clouds upon the title to said real estate. Plaintiff prayed for judgment establishing a trust in Georgia Johnson under the original deed of himself and his wife to her and for cancellation of all other instruments referred to, as clouds upon his title. To said petition, defendant, Georgia Johnson, filed an answer, and, thereafter, an amended answer and cross-petition as to her codefendants. In substance, she admited the allegations of the petition, and on her cross-petition asked the same relief against her codefendants as demanded by the plaintiff. She averred she was the owner of one-sixth interest in said land as one of the heirs of Jack Cousins, and asked for all proper equitable relief. Defendant Reed, separately, and the defendants Wilson and American State Bank together, filed general demurrers to said petition and to the cross-petition of Georgia Johnson. Said demurrers were sustained, and, plaintiffs refusing to plead further, the court dismissed the petition of plaintiff and the cross-petition of defendant Georgia Johnson. From the judgment of the court in so doing, plaintiffs in error have appealed, and said Georgia has prosecuted cross-appeal.

Did the court err in sustaining said demurrers? In stating the substance of the petition aforesaid, we have set out only those portions pertinent to this question.

1, 2. It is proper, first, to notce the contention of defendants that the petition does not contain facts sufficient to constitute a trust in Georgia Johnson and that therefore no cause of action is alleged against them. It is alleged that no consideration was paid by her to Jack Cousins for said land or deed. This, coupled with the other allegations that Jack Cousins and his wife were still sick, referring to a former allegation to the effect that Jack Cousins

was not expected to live—and that they were in failing health and growing feeble daily, and that they were induced by these things to make said deed to said Georgia, we think sufficient averments that said Georgia held only the naked legal title to said real estate and that the beneficial interest therein was retained by Jack Cousins and his wife. In any event, such inference may be drawn from said averments. By section 8462, Compiled Oklahoma Statutes 1921, trusts created by operation of law are expressly recognized. In J. I. Case Threshing Mach. Co. et al. v. Walton Trust Co. et al., 39 Okla. 748 at 753, 136 Pac. 769, construing this same statute, it is said:

"Although the deed executed by the bank to Edmonds purported on its face to be a warranty deed, conveying the absolute title, yet having been made wholly without consideration by a corporation to one of its officers, for the corporation's benefit, while no writings were entered into declaratory of the terms and conditions and the purposes for which the conveyance was made, it is clear that it was not intended by the deed to convey to the grantee the absolute title or to vest in him a beneficial interest in said lands, but instead to convey only the naked legal title. * * *

"Resulting trusts not being embraced within the statute of frauds, their existence need not be evidenced by any writing, and may therefore be established by parol evidence." Clark et al. v. Frazier, 74 Oklahoma, 177 Pac. 589 at 591. See cases therein cited.

Said petition does sufficiently aver a trust in said real estate in Georgia Johnson as against demurrer by the other defendants on that ground.

3. Said petition avers as to defendant Reed, that he took the said deed from Georgia Johnson and her husband with notice and knowledge that plaintiff was the owner of said land. Whether a pleading states a legal conclusion or merely pleads facts according to their legal effect is sometimes difficult to determine. "An averment of knowledge does not state a conclusion of law." 31 Cyc. 58. Defendant Reed contends that said averment of notice and knowledge is a legal conclusion and not an averment of ultimate issuable fact. Such contention is not well taken. It follows that the trial court erred in sustaining the demurrer of the defendant Reed to said petition.

As to the defendant Fred Wilson, said petition avers that he took conveyance of said real estate from said Reed with knowledge of plaintiff's rights to said land, and that plaintiff and his said wife were occupying same until the death of his said wife. It is inferable therefrom that Wilson knew Cousins and his wife owned the beneficial

interest in said land. Likewise, we think this is a sufficient averment as against a demurrer. The court erred in sustaining the demurrer of Wilson to said petition.

As to the defendant American State Bank, said petition avers only that the mortgage given by said Wilson to said bank was void. Said allegation that said mortgage was void is clearly a mere legal conclusion. 31 Cyc. 62. Sustaining the demurrer of defendant bank to said petition was correct.

"As against a demurrer, a petition must be liberally construed and all its allegations taken as true and admitted, and if any fact stated entitles plaintiff to any relief, the demurrer should be overruled." Edwards v. School Dist. No. 222, Cotton Co., 82 Okla. 188, 200 Pac. 143.

"It is a well established rule of this court that where a general demurrer is filed to a petition as a whole if any paragraph of the pleading is good and states a cause of action, the demurrer should be overruled." Chupco et al. v. Chapman et al., 76 Okla. 201, 160 Pac. 88.

Although indefinite the cross-petition of Georgia Johnson may entitle her to some relief as an heir, if plaintiffs should prevail. The court erred in sustaining the demurrers of Reed and Wilson to her cross-petition.

It follows that the court erred in dismissing this cause as to the defendants Reed and Wilson. The judgment of the trial court is reversed as to defendants Reed and Wilson, and otherwise sustained. The cause is therefore reversed in part and remanded for further proceedings in accordance herewith.

By the Court: It is so ordered.