**CRAIG, Ex'x, v. CRAIG (two cases).**

Nos. 16353, 16575—Opinion Filed May 11, 1926.

Rehearing Denied June 6, 1926.

(Syllabus.)

**1. Trusts—Resulting Trust—Proof — Parol Evidence.**

A resulting trust may be established by parol evidence; however, the law requires that the proof necessary to establish it should be clear, satisfactory, and convincing.

**2. New Trial—Newly Discovered Evidence —Necessary Showing.**

In order for the moving party to be entitled to a new trial on account of newly discovered evidence, it must be shown that with reasonable diligence he could not have discovered the evidence relied upon, and that the newly discovered evidence would probably change the result if a new trial were granted, and it must be material to the issues. Ordinarily newly discovered evidence which is merely cumulative, impeaching, or contradictory, is not sufficient.

Error from District Court, Dewey County; T. P. Clay, Judge.

Action by Walter Craig against Nannie J. Craig, executrix. Judgment for plaintiff, defendant's petition for new trial denied, and she brings error. Affirmed.

Everest, Vaught & Brewer (Hickok & Hickok and S. C. Massingale, of counsel), for plaintiff in error.

J. H. Antrobus and A. E. Darnell, for defendant in error.

LESTER, J. The parties will be referred to as they appeared in the district court.

Cause No. 16353 is from a decision of the district court of Dewey county, state of Oklahoma, in an action brought by Walter Craig, plaintiff, against Nannie J. Craig, executrix of the will of Timothy Craig, father of the plaintiff. Plaintiff sought to establish a resulting trust in favor of himself to a certain quarter section of land, described as follows: The S.½ of the N.E.¼ and lots 1 and 2 of section 2, in twp. 7 N. of range 20, W. I. M.

Upon trial of the issues therein the plaintiff recovered judgment, and the defendant prosecutes this appeal to reverse the action of the district court.

No. 16575 is an appeal from a decision of the district court of Dewey county on a petition filed by the defendant, Nannie J. Craig, as executrix of said estate, for a new trial of the original case on ground of newly discovered evidence. After hearing proof on this petition, the district court refused to grant a new trial in the original case, and its action in so refusing a new trial is the basis of the second appeal.

Upon proper motion the two actions were by this court consolidated.

The defendant earnestly urges as error that the findings of fact by the trial court were not supported by the evidence. It appears that Timothy Craig, father of the plaintiff, was an intelligent and trustworthy business man, and that he had accumulated, through industry and good management, considerable wealth; that he was the father of several children and at the time of his death he left a widow, whom he named as executrix of his will. After his death, Walter Craig, the plaintiff, asserted that he had furnished his father money with which to buy the farm in question, and that his father took the title in his own name. Practically all the evidence introduced in the trial of said case was oral. Several witnesses, who, it appears, were not interested in the result of said action, testified that plaintiff's father told them that the farm belonged to his son, Walter Craig.

It further appears that the father, Timothy Craig, procured a loan on said farm and informed the agents of the loan company that it would be necessary for him to get in communication with his son before he would have authority to close the said loan. It appears that the plaintiff at one time remitted $3,000 to his father. which the plaintiff claims and asserts was a part of the consideration in payment of said farm. It further appears that the uncle of the plaintiff owed the plaintiff the sum of $1,750, which was collected from plaintiff's uncle and used as part payment on said farm.

When Timothy Craig purchased the said farm he made a cash payment thereon of $5,500. Several witnesses testified for and on behalf of the defendant, and at the conclusion of all the evidence offered, both on

the part of the plaintiff and the defendant, the court rendered a judgment in favor of the plaintiff, and finding that the plaintiff had furnished the money with which to purchase said farm.

The defendant cites the case of Hayden et al. v. Dannenberg et al., reported in 42 Okla. 776, 143 Pac. 859, the second paragraph of the syllabus being as follows:

"A constructive trust may be established by parol evidence, but the law for the safety of titles requires that the proof should be of the most satisfactory and trustworthy kind. The onus of establishing a constructive trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

This court in the case of Babcock v. Collison et al., 73 Okla. 232, 175 Pac. 762, in syllabus No. 1, said:

· "A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

The authorities seem to be uniform in holding that one who seeks to establish the existence of a constructive or resulting trust, must do so by clear and unequivocal evidence. We have examined the record carefully and we are unable to say that the plaintiff did not meet this rule at the trial of the issues before the court. It appears that Court R. Flint, a witness introduced by the defendant, testified that he was a banker and that Timothy Craig transacted his banking business at the place where the witness was so engaged, and that the said witness identified a certain check for $3 000, signed by Walter Craig and made payable by the plaintiff to the said Timothy Craig, and that this check was indorsed by Timothy Craig and placed to the credit of the said Timothy Craig at the bank of the witness. This check was introduced in evidence by the plaintiff, and the record (C.-M. page 122), shows the following proceedings as well as the interrogatories and answers thereto of the witness Court R. Flint:

"Q. You said he never checked out any of that money? A. No, sir; he did not. Q. And no check was ever made back to Walter for that money? A. Not that I know of. Mr. Darnell: We desire to offer it in evidence. Mr. Mitchell: We object to it as incompetent, irrelevant, and immaterial. The Court: Overruled. Mr. Mitchell: Exception. (The said check, so offered in evidence, is in the words and figures following, to wit:)"

However, a careful and diligent search of the record fails to show that the reporter included a copy of said check in the record and case-made, and we are therefore unable to ascertain the probative force of said check. The court had the witnesses before it and heard them testify, observed their manner and demeanor while so testifying, and was better enabled to pass · upon the probative force of the testimony given by the witnesses than could be shown from the record. However, bearing in mind the rule of law that in an action to establish a resulting trust from oral testimony, such testimony must be clear, full, and convincing, we think that the plaintiff met this required rule, and that the judgment of the court is supported by sufficient evidence.

The next proposition presented is embraced in the second appeal of the defendant in the original action, and in which the defendant filed a petition in the district court of Dewey county to set aside the former judgment in that case and grant a new trial. The defendant in her petition for a new trial stated and alleged that the plaintiff in the original hearing had testified that he had received $6,000 for his farm in New Mexico, and that he had remitted the sum of $5,500 for the purchase of the farm in question, when in truth and in fact he had received only $2,000 from the sale of said farm. On hearing had on the petition for a new trial and from the testimony of the defendant, she admitted that she had knowledge of the fact, at and before the original hearing in said cause, that the plaintiff, Walter Craig, had received only $2,000 from the sale of his farm in New Mexico. It is further shown by the testimony of the witness, Nannie J. Craig, that she was mistaken in the allegation set forth in her petition for a new trial, wherein she alleged that the plaintiff, Walter Craig, had testified in the original action that he had received $6,000 from the sale of his farm and had remitted $5,500 of this amount to his father. Upon hearing of the petition for a new trial, the defendant, in addition to her own testimony, offered and introduced in evidence two depositions of witnesses taken by the defendant in New Mexico. These witnesses testified, in substance, that Walter Craig received the sum of $2,000 for his farm in New Mexico.

In the case of Chortney v. Curry, 78 Okla.

206, 190 Pac. 387, the court said in part:

"* * * The burden is on the moving party to prove that with reasonable diligence he could not have discovered the evidence relied upon, and that this newly discovered evidence would probably change the result if a new trial were granted, and it must be material to the issue. Ordinarily newly discovered evidence which is merely cumulative, impeaching, or contradictory is not sufficient."

As we view the evidence taken upon the hearing for a new trial, the evidence offered upon the part of the defendant would merely tend to impeach and contradict the statement of the plaintiff as to the particular amount that he had received from the sale of his farm in New Mexico. The following is the testimony in part of the plaintiff in the original action:

"Q. What was the purchase price of it? How much did they pay you for it? A. $6,000. Q. Who bought it? A. Mr. Parks. Q. Did he run a ranch there? A. No. Q. Did he move on the place? A. Yes. sir. Q. He is farming it? A. Yes, sir. Q. Paid you $6,000 cash, did he? A. Not exactly cash. Q. He didn't. How did he pay you? A. He paid me in different payments. He gave me half down and another time he paid me again at another time. Q. Paid you $3,000? A. Yes, sir. Q. And you deposited it there in some bank in New Mexico? A. No, I sent it to my father. Q. That was in 1914?"

Whatever amount plaintiff may have received for his farm in New Mexico, in our judgment, does not materially affect the issues herein, for the reason that it is shown beyond question that the plaintiff did send a check to his father for the sum of $3,000, and that his father cashed the check and used the proceeds therefrom.

From a careful examination of all the evidence offered on the petition for a new trial, we do not think that the same was sufficient to justify the court in setting aside the former judgment and granting a new trial, and that the court's ruling thereon was correct. The judgment of the court in the original action, and also its judgment on the petition for a new trial, is affirmed.

BRANSON. V. C. J., and MASON, CLARK. and RILEY, JJ., concur.

Note.—See under (1) 39 Cyc. pp. 155, 160, 634; 26 R. C. L. pp. 1230, 1231; 5 R. C. L. Supp. p. 1447. (2) 29 Cyc. pp. 886, 899, 901, 918, 977; 20 R. C. L. pp. 292. 294, 295; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. pp. 1351, 1352; 5 R. C. L. Supp. p. 1096.