## SHINTAFFER v. ROREM et al.

No. 21760.    Feb. 13, 1934.

Rehearing Denied April 10, 1934.

Miley, Hoffman, Williams & France, for plaintiff in error.

Shirk, Danner & Phelps, Charles E. Earnheart, Samuel O. Neff, and Howard Davis, for defendants in error.

RILEY, C. J. This is an appeal from a judgment in favor of defendants in an action brought by Linda Benton Shintaffer, individually and as administratrix of the estate of S. L. Shintaffer, to cancel two deeds, executed by S. L. Shintaffer and Lydia E. Shintaffer, then his wife, to Myrta M. Rorem, their daughter.

The deeds were executed about April 29, 1925, and placed in the First National Bank of Britton. One of the deeds purported to convey a farm containing 160 acres in Oklahoma county and certain lots in the Second addition to the town site of Britton. The other deed purported to convey certain lots in the original town site and First addition to the town of Britton. When the deeds were executed, S. L. Shintaffer and Lydia E. Shintaffer were husband and wife, and Myrta M. Rorem was their daughter and only child. Lydia E. Shintaffer died about March, 1926. In October, 1927, S. L. Shintaffer married the plaintiff herein. S. L. Shintaffer died intestate about June 5, 1929, leaving his widow, plaintiff herein, and his daughter and only child, Myrta M. Rorem, defendant herein. The widow was appointed administratrix and brings this action individually and as administratrix.

The contention of plaintiff is that the deeds here involved were never delivered to defendant prior to the death of S. L. Shintaffer and were intended by him to operate as a will and to convey title only upon his death, and were therefore void.

Defendants contend that the deeds were delivered to Myrta M. Rorem the day they were signed and acknowledged, and were placed in the bank by her.

In the deed purporting to convey the farm, the description thereof when signed by the grantor was: S. W. quarter (1/4) section eight (8), township fourteen (14) west of the I. M., according to the government survey, containing 160 acres, the section and township being given, but not the range number.

After the death of S. L. Shintaffer the deeds were turned over to defendant by the bank and presented to the county clerk for record. The county clerk refused to accept the deed conveying the farm on account of the defective description of the 160 acres. Thereupon either defendant's son or a deputy county clerk inserted the number of the range (3) in the deed, and thereupon the deed was placed of record. Plaintiff also contends that the deed as executed was void for uncertainty so far as the farm was affected. The cause was tried to the court without a jury, resulting in findings and judgment for defendants, and plaintiff appeals.

It is first contended that the deeds were void for want of delivery. The deeds, aside from the defect in the description of the farm noted above, are regular warranty deeds in form, and were properly signed and acknowledged. There is some conflict in the evidence as to what was done with the deeds after they were signed and acknowledged. The uncontradicted evidence is that Dale Rorem, a son of defendant, prepared the deeds at the request of S. L. Shintaffer, and that they were signed by S. L. Shintaffer and Lydia E. Shintaffer and were signed at the home at Britton and acknowledged before H. S. Emerson, a notary public.

Emerson testified that he was present when the deeds were signed and took the acknowledgment of the grantors; that they were signed at the home of S. L. Shintaffer; that he did not remember who prepared the deeds, but that Mr. Shintaffer took him to his home in his car; that after the deeds were signed. Mr. Shintaffer went with him to the bank, where the certificates of acknowledgment were filled out and the notary seal was attached; that his recollection was that he, Emerson, put the deeds in an envelope and gave them to Mr. Ross Wildman, the assistant cashier, and dictated a statement which appears upon the envelope. The indorsement on the envelope was: "Warranty deeds executed by S. L. Shintaffer and Lydia Shintaffer and delivered this 29th day of April, 1925, to Mrs. Myrta Rorem, left for safekeeping. (Signed) J. Ross Wildman."

The evidence shows that S. L. Shintaffer remained in possession and collected rents and profits from the premises involved until his death; that he conveyed certain lots described in the deeds (not here involved), and that he paid all taxes and special assessments against the property during his lifetime, but as to the property conveyed by him to other parties, there is some evidence that he consulted defendant before conveying it. There is also some evidence tending to a degree to show that Mr. Shintaffer, during his lifetime, apparently considered the deeds as not having been intended to convey title to defendant until his death.

On the other hand, Dale Rorem testified positively that he prepared the deeds at the request of Mr. Shintaffer; that he did not do so until after he had consulted two or more attorneys with reference as to what was necessary to make the contemplated

deeds effective, and that the attorneys had all advised him that it was necessary, in order to effect the transfer of the title, that the deeds be delivered to the grantee by the grantor; that the advice of the attorneys was sought at the request of Mr. Shintaffer, and that he informed Mr. Shintaffer as to the advice he had received. He also testified quite positively that he, his wife, his sister, and Mrs. Myrta M. Rorem were all present at the home of Mr. and Mrs. Shintaffer on April 29, 1925, when the deeds, after having been signed and acknowledged by the grantors, were delivered by Mr. Shintaffer to Myrta M. Rorem. He states the particulars as to how the delivery was actually made. He testified, further, that at that time Mr. Shintaffer advised Mrs. Rorem to have the deeds recorded; that she replied that she would not do that, but would put them in the bank; that thereafter he, his wife, and Mrs. Rorem went in an automobile to the bank, Mrs. Rorem taking with her the deeds, and that Mrs. Rorem, in person, gave the deeds to Ross Wildman and told him to keep them until she should call for them; that the deeds were placed in an envelope and Mr. Emerson called his attention to the indorsement on the envelope, and in the presence of Mr. Shintaffer remarked to him that there could be no question about the delivery of the deeds.

As to what took place at the home of S. L. Shintaffer, as testified to by Dale Rorem, he was corroborated in every detail by his wife, Elizabeth, and his sister, Lydia Rorem. His wife also testified that she went in the car with Dale Rorem and his mother and saw Mrs. Myrta Rorem take the deeds into the bank.

Ross Wildman was a witness, but did not remember who gave him the deeds, but he did identify his signature to the indorsement on the envelope. It is agreed by all the witnesses that the indorsement appearing upon the envelope, when the deeds were found in the bank after the death of both grantors, was placed there on the same day the deeds were placed in the bank. This indorsement specifically states that the deeds were that day delivered to Mrs. Myrta Rorem, and left for safekeeping, and, as stated before, the witness Emerson testified that he himself dictated the indorsement.

The trial court found that each of said deeds "was made and executed by the said S. L. Shintaffer and Lydia E. Shintaffer and delivered to Myrta Rorem in all respects as provided by law."

This finding is abundantly supported by the evidence. If the deeds were placed in the bank for safekeeping, and the evidence clearly shows that they were, it must have been so done by and for defendant Myrta M. Rorem.

The fact that the deeds were placed by some officer in the bank in the vault where papers belonging to S. L. Shintaffer were kept, and that he, as an officer of the bank, had access thereto, would not in any way alter the effect of the delivery of the deeds. If they were the property of Myrta M. Rorem, S. L. Shintaffer could not, without her consent, effectively withdraw the deeds and thereby destroy the effect of the former delivery by him to her, and there is no evidence that he ever sought so to do. The evidence, as a whole, tends strongly to show, and the court properly found, that the deeds were executed by the grantors and delivered by them, beyond the power of recall, to the grantee.

In Wright, Adm'r, v. Anstine et al., 96 Okla. 162, 220 P. 928, it was held:

"Where the owner of land executes an instrument attested as a deed and in all respects in the form of a deed and places it beyond recall in the hands of a third person, to be delivered to grantees at her death, it should be treated by the court as a conveyance passing title in praesenti, with the right to possession postponed until the death of the grantor."

And:

"A grantor who has made a valid delivery of a deed by depositing it with a third person without reserving any control over it, the deed to be delivered on her death to grantee, cannot withdraw the deed or mortgage the land without grantee's consent, and a subsequent mortgage or attempt to sell the property by the grantor cannot affect grantee's title as against the heirs of the grantor or her personal representative."

A grantor cannot, by any act subsequent to the delivery of his deed, invalidate or alter the effect of the instrument, and "Where there has been a sufficient delivery of a deed to take effect upon the death of the grantor, the grantor cannot thereafter recall his deed or affect the grantee's title by a subsequent act." "The fact that a grantor is permitted to remain in possession and control of the property conveyed will not defeat the legal consequence of an actual delivery of the deed." 18 C. J. 217.

It is next contended that the deed as to the S. W. 1/4 of section 8, township 14, range 3 W., was void for uncertainty in that the number of the range was omitted from the deed at the time it was executed

and was not inserted until after the death of the grantor.

The trial court found that the word "range" is not used in the description and that the figure "3" was written in said description after the execution of the deed. In fact, the uncontradicted evidence is that it was written in the description, not only after the deed was executed, but after the death of the grantors. The court further found that the S. W. 1/4, section 8, range 14, range 3, W. I. M., in Oklahoma county, was the land intended to be conveyed, and was the only farm land in Oklahoma county owned or possessed by the grantors at the time the deed was executed. The trial court held that the writing of the figure "3" into said deed after its execution was not a material alteration, but was made for the purpose of enabling the county clerk to properly index the same.

Many cases are cited that hold, in effect, that a deed or contract which is merely voluntary and based upon no consideration may not be reformed at the suit of the grantee or those holding under him as against the grantor or his successors. This seems to be the general rule. 23 R. C. L. 344, 345; Shears v. Westover (Mich.) 68 N. W. 266; Strayer v. Dickerson (Ill.) 68 N. E. 767; Enos v. Stewart (Cal.) 70 P. 1005; Johnson v. Austin (Ark.) 111 S. W. 455. The rule is not universal; it is sometimes limited so as to apply only as between the grantor and the grantee, and not to extend to heirs of the grantor. McCabe v. O'Connor, 42 S. D. 506, 176 N. W. 43; Lawrence v. Clark, 115 S. C. 67, 140 S. E. 330.

As to what conveyances are voluntary so as to bring them within the general rule stated, "a conveyance is voluntary so as not to permit a reformation, when there is no consideration valuable or meritorious. * * * Any valuable consideration, however small, has been held sufficient, as where there is a consideration of one dollar. * * *" 53 C. J. 914.

In Mason v. Moulden et ux.. 58 Ind. 1, it is held:

"The grantee of land conveyed by a deed reciting that the conveyance is made in consideration 'of the sum of one dollar, and natural love and affection,' is not a mere volunteer, but is a purchaser for a valuable consideration, and he may maintain an action against the grantor or his heirs to reform such deed by correcting a mistake made in the description of the land intended to be conveyed."

And:

"Mere inadequacy of consideration for such conveyance is no ground for refusing to reform such deed."

The consideration stated in the deed here involved is "the sum of one and no/100 and affection, dollars, the receipt of which is hereby acknowledged." It is, therefore, not within the class considered as voluntary so as not to permit a reformation. There is abundant evidence to support the finding of the court that the land intended to be conveyed by said deed was that described therein as of record. No reformation of the deed, in terms, was decreed by the court. The holding of the court was that the deed as executed was sufficient to and did convey the title to said property to defendant Myrta M. Rorem.

Under the record there was no error, and the judgment and decree are affirmed.

CULLISON, V. C. J., and ANDREWS, OSBORN and BUSBY, JJ., concur.