**FOSTER v. SHIRLEY et al.**

No. 23968.   Jan. 29, 1935.

374

Ledbetter, Stuart, Bell & Ledbetter and
A. E. Darnell, for plaintiff in error.

J. C. Randol, for defendant in error
Myrle Shirley Sublett.

PER CURIAM. Plaintiff in error is the
owner of a judgment obtained in the district court of Oklahoma county on February 18, 1926, against Mrs. E. C. Shirley
for approximately $2,400, a certified transcript of which was filed in Custer county
and execution issued thereunder.

He brought his suit against the defendants in error, alleging that Mrs. Myrle
Shirley Sublett is the daughter of Mrs.
E. C. Shirley, and that the latter has been
the legal and equitable owner of lots 1
and 2 in block 54 of the original town plat
of the city of Clinton, Okla., since long
prior to the obtaining of the judgment,
and that Mrs. Shirley, who was sometimes
known as Effie C. Barringer, under the
name of Effie C. Barringer, executed a
deed to Mrs. Sublett on January 17, 1929,
to lot 1, which plaintiff in error alleges
was made without consideration and in
fraud of creditors, "for the reason that it
was made after the judgment was obtained
in this cause, and with the purpose of defrauding the plaintiff herein." He prayed
for foreclosure of the judgment lien and
for a decree that the title to said lots be
declared to be in Mrs. E. C. Shirley, and
that the deeds executed by her to Mrs.
Sublett be declared void for want of con

sideration and made in fraud of creditors.
Mrs. Shirley answered, disclaiming all
right, title, and interest in the property.
Mrs. Sublett answered with a general denial and denying that the judgment of the
plaintiff in error is a lien on the property.
She alleges that she acquired title thereto
by good and sufficient warranty deeds from
Mrs. E. C. Shirley long prior to the obtaining of the judgment, and that she acquired said property by payment of a valuable consideration in good faith without
notice. By an amendment to his petition,
the plaintiff alleged that Mrs. Sublett holds
the title as trustee for Mrs. E. C. Shirley.

At the trial it was admitted that the
Foster judgment was duly filed in Custer
county on January 18, 1928, and that execution was issued within five years from
the date of rendition. It was also admitted that Mrs. E. C. Shirley was, on the
18th day of December, 1914, the owner of
the property. The evidence, however, discloses that her husband died about three
years before the property was bought,
leaving, apparently, his widow, Mrs. Shirley, and two children, J. C. Shirley and
Myrle Shirley; that Mrs. Shirley was appointed administratrix of his estate; that
the estate consisted of 900 acres of land,
a hotel, and some money; that she bought
the property in question while acting as
administratrix and took title in herself.
She testified that "it was deeded to me and
then when my administration was complete and the children came of age—" She
was stopped at this point, and on cross-
examination she was asked whether she
used the estate money or her personal
money in the purchase of the property, and
she said: "I had the estate money and
traded the farm." It was further admitted
that the Shirley Hotel in Clinton was situated on lot 1, and that on lot 2 was a
business house upon which the Local Building & Loan Association has a mortgage.
On April 24, 1916, Mrs. Shirley executed
a deed to the property to her two children,
and on November 23, 1924, Myrle Sublett,
nee Shirley, executed a deed of the lots to
Effie C. Barringer, who on January 17, 1929,
reconveyed the same to Myrle Sublett. The
interest of J. C. Shirley was conveyed to
Myrle Sublett November 29, 1924. The
mortgage of Local Building & Loan Association was executed by Myrle Sublett to
secure a loan of $3,500.

On December 20, 1924, Mrs. Shirley and
her two children executed a deed to plaintiff in error covering the S. W. ¼ 23-12-17,

in Custer county. He testified that after the execution of the deed, the question of securing him against any judgments came up, and in this connection he introduced certain instruments regarding which he said:

"One of them is a written instrument that she gave me in regard to securing, in regard to some security that she was putting up to protect me against a judgment, the other is the warranty deed to hold."

The first instrument was a memorandum dated April 6, 1925, that Effie C. Shirley has delivered a warranty deed to L. E. Foster to 159 acres of land in Adair county, Okla., "to secure said Foster against a judgment of record in Custer county, Okla., and assuring settlement of said judgment. When said judgment is settled said Foster is to deliver warranty deed to Mrs. Shirley. In case of judgment, said Foster is to settle same out of proceeds of said farm." The second instrument is a warranty deed to the land in Adair county, executed May 5, 1925, by Mrs. E. C. Shirley to L. E. Foster. Plaintiff testified that the deed has not been recorded and he still holds it. He says that he suggested that Mrs. Shirley give him security on the hotel, and that she replied, in the presence of Myrle Shirley, that she meant to keep it for her future home, and that she never meant to sell or mortgage it any more. Asked if Mrs. Shirley said anything to him with reference to whose name the property was in, he answered that she told him "she had some of it in her children's name for protection," because "she had some deficiency judgment that she was expecting to come up to her with reference to this farm," being the land which he had bought and on which there was a mortgage to the Travelers Insurance Company and one to the bank at Clinton. There is nothing to indicate whether these mortgages are still outstanding and unpaid. The plaintiff further testified that Mrs. Shirley told him the hotel was hers, which statement appears to have been made at the time he took the security mentioned. He also testified that Mrs. Shirley told him she was going to pay the money she owed him out of the rents from the hotel. Mrs. Shirley testified that the debts against her property were about $24,000, most of it being on the property when her husband died; that the only indebtedness incurred after he died was on the hotel, the mortgage on which she assumed. She was asked whether she had any negotiations with her daughter, Myrle, regarding trading of building and loan stock, and she answered:

"Oh, I don't know, I can't remember. I have done so much fooling around. I have given the children their part is all that I can remember."

We have thus reviewed the material evidence on the question of fraud and to support the plaintiff's claim that Mrs. Sublett is merely a trustee of Mrs. Shirley, and that he has the right to subject the property to the payment of his judgment.

The plaintiff's judgment was rendered February 18, 1926. He does not appear to have been a creditor at the time of the conveyance of the property to Mrs. Shirley's children on April 24, 1916. In 27 Corpus Juris, at page 768, it is said:

"Unless the case is one in which the conveyance was made with intent to defraud subsequent creditors, complainant cannot allege that he was a creditor at the time the conveyance was made, or was thus in a position to be injured, for a man who has no creditors has a perfect right to give away his property, unless the act is part of a scheme to defraud future creditors."

In Carey et al. v. Winslow, 30 Okla. 780, 122 P. 174, it is said:

"It is the law that a creditor cannot set aside a conveyance of his debtor's property made before his claim originated, unless it was made in contemplation of incurring indebtedness, and with the design to defraud the subsequent creditor."

Plaintiff in error therefore does not come within section 9697, O. S. 1931, providing:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

We are unable to discover from the record any plan, scheme, or intent on the part of Mrs. Shirley to defraud either existing or subsequent creditors. There is indeed no evidence that there were any existing creditors at the time of the deed to her children, who, in any event, would appear to be the owners of a two-thirds interest in it, since the consideration for its purchase came from her husband's estate. That estate, apparently, was indebted for quite a large amount at the time of her husband's death. There is nothing to indicate that anything was done by her to de-

fraud the creditors of the estate. We are not advised whether the indebtedness represented by the judgment in Custer county, referred to, was in existence in 1914. If plaintiff had an interest in having such judgment satisfied, Mrs. Shirley gave him security for its payment, which he still retains.

Of course, it is unnecessary to say that the burden of establishing that the conveyance referred to was fraudulent is on the plaintiff in error. This court said, in Lemp Brewing Co. v. Guion, 17 Okla. 131, 87 P. 584:

"In an action to set aside the title to real estate upon the ground of fraudulent conveyance, the fraud must be distinctly pleaded and clearly and satisfactorily proven, and will not be implied from doubtful circumstances which only awaken suspicion."

We do not think the plaintiff in error has met that burden. That the property stood of record in the name of Mrs. Shirley from 1914 to 1924, when her conveyance to her children was recorded, is not inconsistent with their ownership. The fact that she may have been regarded as the manager of the hotel, although that has not been definitely established, is of little significance. There is no evidence that the revenues of the hotel property were appropriated by her as her exclusive property. The statement that she had some of her property in her children's names "for protection" is too vague to have much probative force on the question at issue. The trial court sustained a demurrer to the evidence of the plaintiff. and we are unable to say that the court erred in that respect. The rule is that this court will examine and weigh the evidence, but will not disturb the judgment unless clearly against the evidence. Checote v. Berryhill, 48 Okla. 696, 158 P. 679; Johnson v. Perry, 54 Okla. 23, 153 P. 289; Mitchell v. Leonard, 55 Okla. 626, 155 P. 696; Rees v. Eagan, 66 Okla. 20, 166 P. 1038. Even if Mrs. Shirley's conveyance of April 24, 1916, were fraudulent, the grantees thereunder are not shown to have notice of the fraud at the time the deed was made. Section 6020, C. O. S. 1921, section 10007, O S. 1931, provides:

"Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

This statute was construed in Kansas Moline Plow Co. v. Sherman, 3 Okla. 204, 41 P. 623, in which it was held that a fraudulent conveyance was void as to the grantee only if such grantee had notice of the fraud, or notice of such facts and circumstances as would cause an ordinarily prudent person to make inquiry; or, as said by the Supreme Court of the United States in Shauer v. Alterton, 151 U. S. 607, construing a Dakota statute, "if he had, at the time, actual notice of such intent or knowledge of such circumstances or facts as were sufficient to put a prudent person upon an inquiry that would have disclosed the existence of such intent." It is essential that the grantee should participate in the alleged fraudulent design. The fraudulent intent must be mutual. Chandler v. Colcord, 1 Okla. 260, 32 P. 330; Meixsell v. Williamson, 35 Ill. 529; Herkelrath v. Stookey, 63 Ill. 486.

In order to establish a trust in Mrs. Shirley, the evidence to that end must be clear, unequivocal, and decisive. Jones, Commentaries on Evidence, vol. 3, par. 4; Babcock v. Collison, 73 Okla. 232, 175 P. 762; Secrest v. Nobles, 97 Okla. 277, 223 P. 863. The evidence of the plaintiff does not come within the rule of these cases.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. A. Davidson, Richard K. Bridges, and Lawrence Mills in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davidson, and approved by Mr. Bridges and Mr. Mills, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.