## BEALL v. FERGESON.

No. 26287. June 9, 1936.

C. D. Hoseman and A. L. Zinser, for plaintiff in error.

Otjen & Carter, for defendant in error.

PER CURIAM. This action was instituted in the district court of Garfield county by W. E. Fergeson, administrator of the estate of Charles E. Fergeson, deceased, as plaintiff, against Nina E. Beall and R. L. Fergeson, as defendants, for the purpose of establishing a trust in certain real estate. Decree of the trial court was in favor of the plaintiff, and the defendant Nina E. Beall appeals. As a matter of convenience we will refer to the parties in the same order as they appeared in the trial court.

It appears from the record that on June 8, 1931, one Charles E. Fergeson was the owner of lot 7, in block 11 of the original town site of Enid, Okla., and that on said date he executed a general warranty deed whereby he conveyed the title to said property to his daughter, Nina A. Beall; that he had said deed recorded and delivered to the grantee named therein, but continued in the possession, enjoyment, and control of the property until the date of his death on July 10, 1932. Whether this deed was intended as an absolute conveyance of the property therein described or merely a conveyance of the naked legal title with reservation of the equitable title in the grantor constitutes the question for our determination.

Plaintiff alleged under his first cause of action that the property had been conveyed solely in trust, and under his second cause of action that the deed had been executed without consideration and for the purpose of evading certain threatened suits against the grantor, Charles E. Fergeson. The defendant R. L. Fergeson aligned himself with the plaintiff in the action and in reality became a coplaintiff. The defendant Nina E. Beall contended that the deed was what it purported to be, an absolute conveyance of the property therein described, and that by its delivery it vested in her both the legal and equitable title to the property. The record is silent as to any agreement between Charles E. Fergeson and Nina A. Beall relative to the transaction. The deed recites a consideration of one dollar and other good and valuable considerations, and on its face purports to be an absolute conveyance of the property therein described. At the time the deed was executed the grantor, Charles E. Fergeson, was a widower of the approximate age of 76 years and had three children, the parties to this action, and the property described in the deed was worth approximately $40,000 and constituted substantially the entire property and estate of the said Charles E. Fergeson. The evidence discloses that after the execution and delivery of the deed in question the grantor continued in the quiet and peaceable possession and control of the property in the same manner as he had prior thereto and dealt with it as his own and that the grantee in the deed, Nina E. Beall, never asserted her title or sought to exercise any control over the property prior to the death of her father. The evidence further shows that Charles E. Fergeson had been involved in a lawsuit several years prior to the execution of the deed in question and was apprehensive of other possible suits; that he told several parties that he had placed his property in his daughter's name so as to discourage any possible suits against him. Also, there is evidence that he had declared that he had intended that his property should go to his children in equal shares. On the contrary, there was evidence to the effect that he told other parties that on account of the fact that his daughter had cared for her mother during the last years of her life, and the further fact that she had been a dutiful and obedient daughter and had not given him the care and trouble that her brothers had, he intended to and had given the property to her. There was some evidence to the effect that R. L. Fergeson had by reason of drinking and other habits caused his father some trouble and concern, and likewise there was some little evidence to the effect that in years past the father had been called upon to extend some financial assistance to the elder son, the plaintiff in the action, but letters between the father and elder son indicate a continued parental regard and continued state of affection and solicitude for his welfare. The evidence also discloses that while the relation between Charles E. Fergeson and his youngest son, R. L. Fergeson, was not apparently as warm as that which existed between the father and the other son, he had not by any means disowned him. The evidence wholly fails to show the existence of any condition which would naturally lead a father to convey his entire property, especially of the value of that involved here, to one child to the entire exclusion of his other children. On the contrary, we are of the opinion that

the evidence clearly discloses the fact that Charles E. Fergeson after the execution and delivery of the deed considered the property thereby apparently conveyed to be still his own to deal with as he might see fit; that he never deemed it necessary to consult the grantee, Nina E. Beall, with reference to handling the property, either in repairing, renting, or operating the same, and that likewise the grantee, Nina E. Beall, never thought it proper to offer any suggestions in regard thereto or to make any objection to anything that the said Charles E. Fergeson might do in connection with said property. The trial court found that under the above state of facts there was a mutual recognition by both Charles E. Fergeson and Nina E. Beall of the fact that the title to the property had been placed in the name of the latter merely for the convenience and protection of the former.

Defendant assigns four specifications of error in this court and presents them under two propositions which may be summed up in the single proposition that the evidence on the part of the plaintiff was insufficient to sustain the finding of the trial court that the deed created a resulting trust.

As we have pointed out in Flesner v. Cooper, 39 Okla. 133, 134 P. 379:

"Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner."

See, also, Bobier v. Horn, 95 Okla. 8, 222 P. 238; McCoy v. McCoy, 30 Okla. 379, 121 P. 176, Ann. Cases 1913C, 146; Bryant v. Mahan, 130 Okla. 67, 264 P. 811; Cousins v. Wilson, 94 Okla. 29, 220 P. 923; Trimble v. Boles, 169 Okla. 228, 36 P. (2d) 861.

While conceding the force of the rule announced in the above cases, defendant contends that the evidence lacks that unequivocal, cogent, clear, and convincing quality essential to the establishment of a resulting trust. The general rule is that the evidence to establish a resulting trust must be clear, satisfactory, and convincing. Craig, Executor, v. Craig, 114 Okla. 302, 247 P.

67; Lindsay v. Britt, 138 Okla. 163, 280 P. 609; Foster v. Shirley, 170 Okla. 373, 40 P. (2d) 1083.

Likewise it is true that courts of equity will scrutinize closely transactions whereby a parent seeks an advantage over his immature children or a son, or daughter of mature years seeks to gain an advantage as against an aged or infirm parent. McGann v. McGann, 169 Okla. 515, 37 P. (2d) 939. From the record now before us it is apparent that Nina E. Beall did nothing to induce the execution of the deed by her father, but it is likewise just as apparent that when she received the deed from the recorder's office she tacitly recognized the fact that it was not what it purported to be, an absolute conveyance of the property from her father to her, and consequently she never attempted to take charge or control of said property or to exercise any dominion over it or to offer any suggestion relative to its management or disposition. It is further apparent that the grantor did not recognize any interest of his grantee in the property or deem it necessary to consult with or seek any suggestions from her with reference to anything that he might see fit to do therewith. These facts and circumstances therefore present an entirely different situation from that which was presented in the case of Shintaffer v. Rorem, 167 Okla. 647, 31 P. (2d) 559, and upon which case the defendant chiefly relies.

This being an equity case, we have carefully read the entire record and weighed the evidence, and have reached the conclusion that the decree of the trial court is fully and amply supported by the evidence. Actions may speak louder than words, and by the very acts of the defendant and her grantor it is shown that the parties treated the property at all times as that of the grantor during his lifetime and that no claim or title was asserted until after his death. Since this is true, equity will treat it likewise. The decree of the trial court is in all respects correct and proper, and therefore its findings will not be disturbed, and its judgment will be sustained.

Judgment affirmed.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and PHELPS, JJ., absent.